IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | * | |
| | * | |
| v. | * | Criminal No. RDB 08-056 |
| | * | |
| PATRICK ALBERT BYERS, ET AL. | * | |
| | * | |

\* \* \* \* \* \* \* \* \* \* \* \* \*

## MEMORANDUM ORDER

Defendant Patrick A. Byers, Jr., has been charged in a nine-count federal indictment, which includes a substantive count of murder-for-hire of government witness Carl Stanley Lackl in violation of 18 U.S.C. § 1958(a). On September 7, 2007, while incarcerated in Baltimore City and awaiting trial on a separate murder, Mr. Byers was taken into custody by members of the Baltimore County Police Department on an arrest warrant and was placed in an interview room. Baltimore County Police Homicide Detective Gary Ruby obtained a statement from Mr. Byers that was recorded and videotaped.

On June 23, 2008, Mr. Byers filed a Motion to Suppress In-Court Identifications and Custodial Statements Pursuant to Federal Rule 12(b)(3) (Paper No. 61), in which he challenges, *inter alia*, the admissibility of his custodial statement of September 7, 2007. Mr. Byers claims that "any statements, admissions or confessions allegedly made by Defendant Byers to any law enforcement officer were obtained in violation of Defendant Byers' privilege against self-incrimination and his right to counsel as guaranteed by the Fifth, Sixth, and Fourteenth

Amendments of the United States Constitution." Mr. Byers also claims that "[a]ny statements, admissions or confessions allegedly made were obtained in violation of the rights secured by the Supreme Court's holding in *Miranda v. Arizona*, 384 U.S. 436 (1996)."

On September 12, 2008 and September 16, 2008, hearings were held on non-capital motions submitted by Defendants Patrick A. Byers, Frank K. Goodman, Michael J. Randle and Steven Thompson. At the September 16th hearing, Detective Ruby testified about his September 7, 2007 interview with Mr. Byers and this Court heard oral argument from attorneys representing Mr. Byers and the Government. On September 16, 2008, for the reasons stated on the record during that motions hearing, this Court denied the motion of the Defendant Patrick A. Byers to suppress tangible evidence from his jail cell (Paper No. 60). With respect to the Defendant Byers' motion to suppress in-court identifications and custodial statements (Paper No. 61), this Court denied that motion in part, for the reasons stated on the record, but held sub curia the admissibility of his custodial statement of September 7, 2007, pending review of the videotape of that interrogation. Having reviewed that videotape in its entirety, for the reasons stated below, this Court denies the balance of said motion (Paper No. 61).

I.   Analysis

*Miranda* warnings are required when a subject is interrogated while in custody. *Miranda*, 384 U.S. 436 (1966). However, a subject may waive his rights and voluntarily submit to custodial interrogation. To be valid, the waiver "need not be explicit, but may be inferred from all the circumstances." *United States v. Hicks*, 748 F.2d 854, 859 (4th Cir. 1984). "The requirement that *Miranda* warnings be given does not . . . dispense with the

2

voluntariness inquiry." *Dickerson v. United States*, 530 U.S. 428, 444 (2000). For a statement to be involuntary under the Due Process Clause of the Fifth Amendment, it must be "extracted by . . . threats or violence;" or "obtained by . . . direct or implied promises;" or the exertion of . . . improper influence." *United States v. Braxton*, 112 F.3d 777, 780 (4th Cir. 1997). In determining voluntariness, the crucial inquiry is whether the subject's will has been "overborne" or his "capacity for self-determination critically impaired." *United States v. Pelton*, 835 F.2d 1067, 1071-72 (4th Cir. 1987). In determining voluntariness of a statement, the court examines "the totality of the circumstances," including the defendant's individual characteristics and background, the setting in which the statement occurred, and the details of the interrogation or interview. *United States v. Elie*, 111 F.3d 1135, 1143-44 (4th Cir. 1997).

After considering the testimony and arguments presented at the September 16, 2008 hearing, and after reviewing the recordings of Defendant Byers' September 7, 2007 interrogation, this Court concludes that no constitutional violation occurred. Prior to his statements on September 7, 2007, Mr. Byers was thoroughly advised of his *Miranda* rights, and each Miranda warning was read to him and he signed and initialed a *Miranda* waiver form. Mr. Byers was sober, alert, and coherent during the review and execution of the *Miranda* waiver and throughout his interrogation. There is absolutely no evidence of his will being "overborne" or his "capacity for self-determination" being "critically impaired."

## II.   Conclusion

Accordingly, IT IS this 13th day of November, 2008, by the United States District Court for the District of Maryland hereby ORDERED that:

1. Defendant Byers' Motion to Suppress In-Court Identifications and Custodial Statements Pursuant to Federal Rule 12(b)(3) (Paper No. 61) is DENIED; and

2. The Clerk of the Court transmit copies of this Order to counsel for the parties.

/s/ _____
Richard D. Bennett
United States District Judge