IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

UNITED STATES OF AMERICA               *

                                       *

   v.                                  *           Criminal No. RDB 08-056

                                       *

PATRICK ALBERT BYERS, ET AL.           *

                                       *

*     *     *     *     *     *     *     *     *     *     *     *     *

## <u>MEMORANDUM OPINION</u>

   Pending before this Court is Byers' Motion to Prohibit Introduction of Evidence of Unadjudicated Misconduct or Alternatively To Continue Trial Date (Paper No. 142) and Byers' Supplemental Motion to Prohibit Introduction of Evidence of Unadjudicated Misconduct or Alternatively to Continue Trial Date (Paper No. 171). Byers challenges the admissibility of "other crimes" evidence that the government intends to submit under Rule 404(b) of the Federal Rules of Evidence. Specifically, Byers challenges evidence relating to his alleged shooting of Carlile Coleman on May 24, 2004.[1] The issues raised have been fully briefed and a hearing was conducted on February 3, 2009. For the reasons stated below, Byers' motions are DENIED—the challenged evidence will be admitted pursuant to Rule 404(b) and trial will begin on March 9, 2009, pursuant to the schedule set by this Court's Order dated March 14, 2008 (Paper No. 46).

## <u>BACKGROUND</u>

---

[1] In addition, the government originally sought to admit evidence of Byers' alleged armed robbery of Tammy Elliot in an alley near N. Montford Avenue. However, the government subsequently decided that it would not seek to introduce such evidence.

This case concerns charges against Defendant Patrick A. Byers and several co-defendants for conspiracy to murder witness Carl Stanley Lackl. Before he was murdered on July 2, 2007, Lackl was a state witness and was scheduled to testify in the Circuit Court for Baltimore City about Byers' alleged role in the murder of Larry Haynes on March 4, 2006. The indictment charges that while in state custody facing charges for Haynes' murder, Byers discovered the identity of Lackl and conspired with co-defendants to have Lackl killed in order to prevent his testimony. A monetary award was allegedly promised and granted in return for that murder.

On February 5, 2008, a seven-count Indictment was issued charging Byers and several co-defendants with offenses relating to the murder-for-hire of witness Carl Lackl on July 2, 2007. On August 5, 2008, the grand jury returned a nine-count Superseding Indictment under which Byers was additionally charged as a felon in possession under 18 U.S.C. §§ 2 and 922(g)(1), and with possession of a firearm in furtherance of a drug trafficking crime under 18 U.S.C. §§ 2 and 924(c). These additional charges are related to the March 4, 2006, murder of Larry Haynes.[2]

On June 20, 2008, Byers filed his Motion for Notice by the Government Pursuant to 404(b) of its Intentions to Use Evidence of Other Crimes, Wrongs or Acts (Paper No. 63). On October 2, 2008, the government notified defense counsel of its intent to offer evidence in its case in chief of Byers' attempted murder of Carlile Coleman on May 24, 2004, and provided relevant discovery. The government proposes to introduce evidence, through the testimony of Coleman and Detective Frank Mundy, showing that after an argument with local drug dealers, Byers confronted Coleman at the entrance to Coleman's residence at 506 N. Montford Avenue and shot him multiple times with a .45 semiautomatic gun, causing severe and permanent

---

[2] This Court denied motions for severance of these counts in its Order dated January 12, 2009 (Paper No. 168).

injuries. This offense was fully investigated by the Baltimore City Police, but charges were ultimately dismissed in July of 2005.

The government seeks to offer evidence of the Coleman shooting under Rule 404(b) as evidence of possession, identity, intent, knowledge, and absence of mistake, as these issues relate to Counts Three, Four, Eight and Nine in the Superseding Indictment. Admission of the evidence is also sought on the basis that "it is intertwined with the overarching issue of motive." Byers contends that the evidence should be excluded under Rule 404(b) because it is impermissible propensity evidence and because sufficient notice was not provided with regard to its intended use. In addition, Byers argues that even if the evidence is found relevant, it must be excluded under Rule 403 because its probative value is substantially outweighed by the danger of unfair prejudice and because it will result in undue delay and confusion of the issues.

## ANALYSIS

"Evidence of other crimes, wrongs, or acts" that is not intrinsic to the crime may still be admissible if it demonstrates "proof of motive, opportunity, intent, preparation, plan, knowledge, identity, or absence of mistake or accident." Fed. R. Evid. 404(b). On the other hand, Rule 404(b) does prohibit evidence of other crimes or "bad acts" when it is offered simply to demonstrate a defendant's criminal propensities or bad character, unless the defendant has placed his character in issue. *United States v. Davis*, 657 F.2d 637, 639 (4th Cir. 1981). Rule 404(b) is treated as "an inclusionary rule, permitting introduction of all evidence except that which proves only criminal disposition." *United States v. Sanchez*, 118 F.3d 192, 195 (4th Cir. 1997). The United States Court of Appeals for the Fourth Circuit has established a test for admissibility under Rule 404(b) providing that the evidence is admissible if (1) it is "relevant to an issue, such as an element of an offense, and [is not] offered to establish the general character of the

defendant"; (2) it is "necessary in the sense that it is probative of an essential claim or an element of the offense"; (3) it is reliable;[3] and (4) its "probative value [is not] substantially outweighed by confusion or unfair prejudice in the sense that it tends to subordinate reason to emotion in the factfinding process." *United States v. Queen*, 132 F.3d 991, 997 (4th Cir. 1997).

Evidence is relevant if it has "any tendency to make the existence of any fact that is of consequence to the determination of the action more probable or less probable than it would be without the evidence." Fed. R. Evid. 401. Under Rule 404(b), evidence of prior bad acts is necessary if it is "an essential part of the crimes on trial, or where it furnishes part of the context of the crime." *Queen*, 132 F.3d at 998 (internal quotation marks omitted). When determining relevance and necessity, a court must engage in a close analysis of the unique factual circumstances of the case.

On Counts Eight and Nine, the government bears the burden of proving beyond a reasonable doubt that Byers intentionally possessed a firearm while fleeing the scene of the Haynes murder. Through briefing and oral argument, Byers has made it quite clear to this Court that he will argue that Lackl had mistakenly identified him as the person fleeing from the murder scene in possession of a firearm. *See* Byers' Reply Br. at 9 ("In this case, Byers' defense is that he was not there [at the scene of the Haynes murder], that Lackl did not see him throw a gun on March 4, [2006] . . . ."). The parties' opposing positions reveal that the issues of identity, possession, and intent are important matters to be addressed. Because evidence of the Coleman shooting is probative of each of these highly contested issues, it is relevant to a central matter in this case.

There are significant similarities between the Coleman shooting and the Haynes murder, and such similarities are especially significant to the relevance inquiry under Rule 404(b). *See*

---

[3] Byers does not contest the reliability of the evidence relating to the Coleman shooting.

*Queen*, 132 F.3d at 997 ("the more similar the prior act is (in terms of physical similarity or mental state) to the act being proved, the more relevant it becomes."). In both situations, Byers asserted control over his drug turf through the close range use of a semi-automatic handgun in broad daylight. Moreover, both incidents are closely linked by their geographical proximity. *See Sanchez*, 118 F.3d at 196 (emphasizing the significance that the prior act "occurred within the geographic area" of the act to be proved). The Coleman shooting occurred at 506 N. Montford Ave., which is less than a block away from where Haynes was shot and directly across the street from the alley where Lackl saw Byers discard his gun.

These similarities reinforce the relevance of the Coleman shooting to the government's claim that Byers' possessed a firearm while fleeing from the scene of the Haynes murder on March 4, 2006. *See United States v. Grimmond*, 137 F.3d 823, 831-32 (4th Cir. 1998) (affirming admission of prior shootings to establish the defendant's possession of a firearm). In addition, the Coleman shooting is probative of whether Byers was at the scene of the Haynes murder and whether he was correctly identified by Lackl—an issue that Byers intends to challenge. *See United States v. Day*, 269 Fed. Appx. 326, 328 (4th Cir. 2008) ("the evidence was necessary to corroborate other testimony that had been challenged on credibility grounds and to provide additional objective evidence [of the act being proved]."); *United States v. Higgs*, 353 F.3d 281, 311-12 (4th Cir. 2003) (affirming evidence of defendant's prior participation in shooting as evidence of identity in murder trial). Evidence that Byers committed the Coleman shooting in assertion of his drug turf makes it more probable that he was correctly identified as asserting control over the same location during the Haynes murder. Finally, courts have repeatedly found such similarities between the two acts to be probative of the issue of intent. *See, e.g., United States v. Hodge*, 354 F.3d 305, 312 (4th Cir. 2004) (concluding that evidence of prior drug

transaction was relevant to prove intent to distribute cocaine); *United States v. Sanchez*, 118 F.3d 192, 196 (4th Cir. 1997) (holding that a non-guilty plea places defendant's intent at issue, and evidence of similar prior crimes can thus be relevant to prove intent to commit charged crime); *United States v. Mark*, 943 F.2d 444, 448 (4th Cir. 1981) (holding that evidence of a defendant's involvement in prior drug transactions was admissible to prove intent in later drug trafficking incidents.).

Not only is the evidence of the Coleman shooting relevant, but it is also "necessary" under the meaning of Rule 404(b). The challenged evidence does not address collateral issues, but instead supports the government's theory that Byers was an established drug dealer in the vicinity of 506 Montford Avenue and that he used firearms to control his domain. *See Mark*, 943 F.2d at 448. More specifically, as noted above, the evidence is necessary to reinforce the government's claim—which Byers intends to contest—that Byers was correctly identified as discarding a gun near the scene of the Haynes murder.

Finally, this Court must determine whether the challenged evidence, despite its probative value, is nevertheless excludable under Rule 403, which provides:

> Although relevant, evidence may be excluded if its probative value is substantially outweighed by the danger of unfair prejudice, confusion of the issues, or misleading the jury, or by considerations of undue delay, waste of time, or needless presentation of cumulative evidence.

Fed. R. Evid. 403. Within the context of this rule, "unfair prejudice" refers to "an undue tendency to suggest decision on an improper basis, commonly, though not necessarily, an emotional one." Fed. R. Evid. 403 advisory committee's note; *See also United States v. Greenwood*, 796 F.2d 49, 53 (4th Cir. 1986) ("[t]he prejudice which the rule is designed to prevent is jury emotionalism or irrationality.").

The Fourth Circuit has held that the Rule 403 balancing test weighs in favor of admitting evidence when the prior act does "not involve conduct any more sensational or disturbing than the crimes with which [the defendant] was charged." *United States v. Boyd*, 53 F.3d 631, 637 (4th Cir. 1995). Although evidence of the Coleman shooting is prejudicial in nature, it is not unfairly prejudicial because it is certainly less sensational than the murder of a government witness. *See Grimmond*, 137 F.3d at 833 ("the touchstone for excluding evidence under Rule 403 is not prejudice, but 'unfair' prejudice."). In other words, the introduction of this evidence will not create a substantial risk that the emotions of the jurors "will be excited to irrational behavior, and this risk is disproportionate to the probative value of the offered evidence." *United States v. Williams*, 445 F.3d 724, 730 (4th Cir. 2006) (internal quotation marks and alteration omitted). Nor does it appear that the introduction of evidence related to the Coleman shooting would confuse the issues or lead to undue delay. If necessary, Byers may seek a proper limiting instruction that will serve to neutralize such confusion. *See Queen*, 132 F.3d at 997 ("[i]n cases where the trial judge has given a limiting instruction on the use of Rule 404(b), the fear that the jury may improperly use the evidence subsides.").

Finally, Byers claims that the government was tardy in informing Byers of its use for the evidence and that he would be unfairly prejudiced if the evidence were admitted. The notice requirement in Rule 404(b) was designed to prevent defense counsel from being prejudiced in preparing its defense against prior acts evidence. *See* Fed. R. Evid. 404(b) advisory committee's note ("the pretrial notice requirement in criminal cases . . . is intended to reduce surprise and promote early resolution on the issue of admissibility."). The government provided notice and discovery related to the Coleman shooting in October of 2008—several months before the scheduled trial date in March of 2009. This is more than a "reasonable" amount of notice under

Rule 404(b).  *See United States v. Armstrong*, 257 Fed. Appx. 682, 685-86 (4th Cir. 2007)

(ruling that government's notice of its intent to introduce other acts or crimes under Rule 404(b)

a week in advance of trial was not untimely).  Also, the Rule states that the government must

only provide the "general nature" of the evidence under the notice requirement; there is no

requirement that the government specify its intended purpose in admitting the evidence.

## CONCLUSION

Accordingly, Byers' Motions to Prohibit Introduction of Evidence of Unadjudicated

Misconduct or Alternatively To Continue Trial Date (Paper No. 142) and Supplemental Motion

to Prohibit Introduction of Evidence of Unadjudicated Misconduct or Alternatively to Continue

Trial Date (Paper No. 171) are DENIED.  Evidence relating to the 2004 shooting of Carlile

Coleman will be admissible and the trial will begin on March 9, 2009

A separate Order follows.

Dated: February 6, 2009.

/s/

Richard D. Bennett
United States District Judge