**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF MARYLAND**

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | : | |
| **v.** | : | **CRIMINAL NO. RDB 08-56** |
| **PATRICK BYERS** | : | |

...oOo...

**GOVERNMENT'S MOTION TO DISMISS DEFENDANT'S MOTION FOR**
**DISCOVERY (ECF 474)**

Now comes the United States of America by its counsel, Rod J. Rosenstein, United States

Attorney for the District of Maryland and John F. Purcell, Jr., Assistant United States Attorney for

said District, and requests that the court dismiss Defendant's *pro se* Motion for Discovery (ECF

474), as follows:

I.      **Procedural Background**

The Defendant, Patrick Byers, is serving *six* life sentences imposed on May 4, 2009,

following his conviction on charges based on the 2007 murder-for-hire of a federal witness, Carl

Lackl. ECF 340 (Judgment).   The Court of Appeals affirmed Byers's convictions and life

sentences on May 6, 2011. ECF 405 (Judgment of the USCA).   Byers's various post-conviction

challenges to his convictions and life sentences have also failed. They were denied by this court on

September 16, 2015. ECF 465. 1

---

1  Byers is also one of over 400 defendants on behalf of whom the Federal Public Defender may
present ostensible claims under *Johnson v. United States*, 135 S.Ct. 255 (2015). ECF 470.   Of
course, Byers's life sentences for Count One-Six do not implicate *Johnson.*   As to Counts One
and Two, mandatory life sentences were imposed for violations of 18 U.S.C. § 1958 (Counts One
and Two, conspiracy and substantive murder–for-hire).   As to Counts Three and Four, mandatory
life sentences were imposed for violations of 18 U.S.C. § 1512 (conspiracy and witness murder).
Similarly, the non-mandatory life sentences imposed for Counts Five and Six were for violations

On March 21, 2016, the Defendant's present *pro se* "Motion for Request for Discovery" was filed in the above case. ECF 474.   That motion must be construed as an unauthorized successive Section 2255 petition and dismissed for lack of jurisdiction.

II.     **The Court Lacks Jurisdiction to Grant the Motion Either Pursuant to Federal Rule of Criminal Procedure 33(b) or Federal Rule of Civil Procedure 60 (b).**

According to his motion, Byers requests that the court issue an order granting "discovery" (to consist of *all* of the discovery provided in his case by either the government or the defense) so that he "may file a Motion 60(b) in accordance with the Federal Rules of Criminal Procedure pertaining to Newly Discovered Evidence." ECF 474 at 1.   Byers further avers that he has "secured evidence that he believes will establish his actual innocence…" ECF 474 at 1.   Byers provides no information as to what that evidence is or when or how it was discovered. Of course, there is no such evidence—as shown both by the mountain of evidence supporting Byers's conviction, and by the failed and frivolous claims he presented in his Section 2255 petition - which hinged upon specious claims of missing or uncalled exculpatory witnesses.   It is obvious that Byers simply wants the discovery materials so he can use them to attempt to keep his case "alive" and generate an untimely new trial motion - or perhaps put these materials to other uses.   Either way, the "motion for discovery" must be dismissed, as there are no authorized proceedings over which this court has jurisdiction to which Byers's motion for discovery can pertain.

First, Rule 60 (b) of the Federal Rules of *Criminal* Procedure, which Byers alleges as his authority, deals not with new trial or newly discovered evidence, but with *victim* rights—hardly a matter of concern to Byers.   Rule 60 (b) of the Federal Rule of *Civil* Procedure deals with newly discovered in *civil* matters – and does not pertain to Byers's criminal case.   Rule 60(b) is a *civil*

of 18 U.S.C. § 924(c) (use of a firearm in relation to commission of Counts One –Four) and do not implicate *Johnson*.

remedy that provides grounds for relief from a judgment in certain circumstances, such as mistake, inadvertence, excusable neglect, newly discovered evidence, or fraud.   *See* Fed.R.Civ.P. 60(b). The Fourth Circuit has held that a defendant may not challenge his criminal conviction under the Federal Rules of Civil Procedure, particularly Rule 60(b). *See United States v. Dury*, 2013 WL 6229145; *citing United States v. Grapes*, 408 F. App'x 766, 767 (4th Cir.2011) (per curiam) ("The Federal Rules of Civil Procedure do not provide a vehicle by which [a defendant] may challenge his criminal judgment.").   Moreover, the type of relief that Byers seeks in his Rule 60(b) motion is identical to the relief that could be obtained through a successful Section 2255 proceeding. Accordingly, such a Rule 60(b) motion should be treated as a motion brought pursuant to Section 2255. *See Gonzalez v. Crosby*, 545 U.S. 524, 531 (2005) ("Virtually every Court of Appeals to consider the question has held that such a pleading, although labeled a Rule 60(b) motion, is in substance a successive habeas petitioner and should be treated accordingly."); *United States v. Winestock*, 340 F.3d 200, 207 (4th Cir.2003) ("a motion directly attacking the prisoner's conviction or sentence will usually amount to a successive application"); *United States v. Goines*, 357 F.3d 469, 476-77 (4th Cir.2004) (a district court's conviction and sentence can be challenged on direct review under § 3742(a), on collateral review pursuant to 28 U.S.C. § 2255, or pursuant to 18 U.S.C. § 3582(c)(2) if the Sentencing Commission adopts an applicable retroactive amendment.)

Civil Rule 60 (b) provides as follows:

> (b) <u>Grounds for Relief from a Final Judgment, Order, or Proceeding</u>. On motion and just terms, the court may relieve a party or its legal representative from a final judgment, order, or proceeding for the following reasons:
> (1) mistake, inadvertence, surprise, or excusable neglect;
> (2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b);
> (3) fraud (whether previously called intrinsic or extrinsic), misrepresentation, or

3

misconduct by an opposing party;
(4) the judgment is void;
(5) the judgment has been satisfied, released or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or
(6) any other reason that justifies relief.

(c) Timing and Effect of the Motion.
(1) Timing. A motion under Rule 60(b) must be made within a reasonable time--and for reasons (1), (2), and (3) no more than a year after the entry of the judgment or order or the date of the proceeding.
(2) Effect on Finality. The motion does not affect the judgment's finality or suspend its operation.

Not only does civil Rule 60(b) not allow Byers any relief in a criminal case, even if it did, Rule 60(b) requires that a motion based on "newly discovered evidence" be filed "**no more than a year after the entry of the judgment or order or the date of the proceeding**." *Id*.  Judgment was entered in Byers' criminal case on May 4, 2009, now almost *seven* years ago. ECF 340.

Beyond that, as noted above, courts have held that civil Rule 60 (b) motions filed in a criminal case in which the defendant has already filed a Section 2255 petition, should be construed as unauthorized *successive* motions to vacate under Section 2255, and dismissed. *See e.g. United States v. Winestock*, 340 F.3d 200, 206 (4th Cir 2003) (holding hold that district courts must treat Rule 60(b) motions as successive collateral review applications when failing to do so would allow the applicant to "evade the bar against relitigation of claims presented in a prior application or the bar against litigation of claims not presented in a prior application."); *Robinson v. United States*, Not Reported in F.Supp.2d, 2013 WL 781431 (Bennett, J.) (construing Rule 60(b) motion as Section 2255 petition.); *United States v. Campos*, Not Reported in F.Supp.2d 2006 WL 3760061(stating general rule that Rule 60(b) motions be construed as Section 2255 petitions).

If Byers's present "motion for discovery," or any subsequent motion he may file pursuant

4

to civil Rule 60(b) is construed as a successive Section 2555 petition, Section 2255 would require

that it be dismissed as an impermissible "second or successive" petition.   Only the Court of

Appeals may grant a defendant such as Byers the right to file a second or successive petition.

"Once an inmate has litigated one § 2255 motion, any second or subsequent § 2255 motion must be

dismissed by the district court as successive unless the inmate obtains certification from the court

of appeals to pursue a second § 2255." 28 U.S.C. § 2255(h). The **court of appeals** may certify a

successive § 2255 motion for consideration by the district court if its claims are based on newly

discovered evidence or on a "new rule of constitutional law" decided by the Supreme Court and

made retroactive to cases on collateral review. § 2255(h). *See e.g. Abed v. United States,* Not

Reported in F.Supp.2d, 2010 WL 2519648 (dismissing civil Rule 60 (b) motion as unauthorized

second or successive Section 2255 petition.)

In rare circumstances, when § 2255 is "inadequate or ineffective to test the legality of ...

detention," a federal inmate may challenge the fact of his confinement through some other judicial

remedy. *See* § 2255(e) (often referred to as "the savings clause" of § 2255). *See In re Jones*,

226 F.3d 328, 332 (4th Cir 2000).   The United States Court of Appeals for the Fourth Circuit has

recognized only one set of circumstances in which § 2255 is inadequate and ineffective to test the

legality of a conviction, that being when:

(1) at the time of conviction, settled law of this circuit or the Supreme Court established the

legality of the conviction; (2) subsequent to the prisoner's direct appeal and first § 2255

motion, the substantive law changed such that the conduct of which the prisoner was

convicted is deemed not to be criminal; and (3) the prisoner cannot satisfy the gatekeeping

provisions of § 2255 because the new rule is not one of constitutional law.

*Jones*, 226 F.3d at 333.   Of course, this exception does not apply here. Byers's motion for

5

"discovery," and any subsequent motion he may file pursuant to civil Rule 60(b), or as discussed below, any motion purportedly filed pursuant to Federal Rule of *Criminal* Procedure 33 (b) (New Trial), must be dismissed, since Byers is, in essence, seeking "discovery" in support of an unauthorized, and therefore impermissible, successive Section 2255 petition, his original Section 2255 petition having been denied on September 16, 2015. ECF 465.

Dismissal of this "motion for discovery" is the appropriate response. "At the same time, it would be inappropriate for us to let the decision of the district court stand, because it was entered without jurisdiction. Accordingly, we vacate the order *denying* Winestock's motion for reconsideration and remand to the district court with instructions to *dismiss the motion*." *Winestock*, 340 F.3d at 208 (emphasis added) (noting that the district court lacked jurisdiction to deny a successive Section 2255 petition.)

It is therefore quite clear that this court lacks jurisdiction over Byers' motion and must dismiss it. *See e.g. United States v. Mouzon*, 354 Fed.Appx. 7392009 WL 4506389 (holding that District Court lacked jurisdiction to deny pro se prisoner's motion filed pursuant to Rule 60(b) for reconsideration of the denial of his motion to vacate should have been construed as a successive Section 2255 motion to vacate, and prisoner had not received authorization to file successive motion to vacate.) Byers may seek authorization for a successive petition, as the present motion for discovery must be construed, *only* from the Court of Appeals.

The rules of *criminal* procedure are also unhelpful to Byers.   Filing the motion for discovery pursuant to Rule 33(b) of the Federal Criminal Rules would be similarly unavailing. Rule 33(b), which authorizes a district court to "vacate any judgment and grant a new trial if the interest of justice so requires," prescribes rigid deadlines within which new trial motions may be filed. *Eberhart v. United States*, 546 U.S. 12 (2005) (per curiam).   In *Eberhart*, the Supreme

Court concluded that Rule 33 is a nonjurisdictional claim processing rule, which "assure[s] relief to a party properly raising [it], but do[es] not compel the same result if the party forfeits [it]." *Id* . at 19. *See, Scott v. United States*, Not Reported in F.Supp.2d, 2012 WL 5619826 (Blake, J.) (dismissing Rule 33 motion for new trial construed to be an unauthorized *third* successive Section 2255 petition.)

Rule 33, the criminal procedural rule governing motions for a new trial, provides as follows:

(a) <u>Defendant's Motion</u>. Upon the defendant's motion, the court may vacate any judgment and grant a new trial if the interest of justice so requires. If the case was tried without a jury, the court may take additional testimony and enter a new judgment.

(b) <u>Time to File</u>.

(1) <u>Newly Discovered Evidence</u>. **Any motion for a new trial grounded on newly discovered evidence must be filed within 3 years after the verdict or finding of guilty**. If an appeal is pending, the court may not grant a motion for a new trial until the appellate court remands the case.

Fed. R. Crim. P. Rule 33 (emphasis added)

Pursuant to Rule 33(b) (1), a motion for new trial based on "newly discovered evidence" must be filed within "3 years of the verdict." Here, as noted, the jury returned its verdict on May 4, 2009**.** ECF 340.

Finally, no certificate of appealabilty should issue upon dismissal of the motion for discovery.   Where a motion, such as Byers's present motion for discovery in support of an ostensible Rule 60(b) motion, is dismissed on a procedural ground (lack of jurisdiction), a certificate of appealability will not issue unless the petitioner can demonstrate both "(1) that

7

jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and (2) that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Rose v. Lee,* 252 F.3d 676, 684 (4th Cir.2001). Byers has made so such showing, nor can he.

**Conclusion**

Therefore, the government respectfully submits that Byers's Motion for Discovery pursuant to Federal Rule of Civil Procedure 60 (b) petition should be construed as an unauthorized successive petition and dismissed.

Respectfully submitted,

Rod J. Rosenstein
United States Attorney

By:_____/__/_____
        John F. Purcell, Jr.
        Assistant United States Attorney
        36 South Charles Street
        Fourth Floor
        Baltimore, Maryland 21201
        (410) 209-4800

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on the 22nd day of March 2016, a copy of the foregoing

Government's Motion to Dismiss Movant's Motion for Discovery was electronically filed with

the Clerk of the U.S. District Court for the District of Maryland and that a copy was also mailed

to Prisoner Patrick Byers, Prisoner number 43310-037, USP Marion, P.O. BOX 1000, MARION,

IL 62959.

_____/   /_____
John F. Purcell, Jr.
Assistant United States Attorney