IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MARYLAND

PATRICK A. BYERS, 43310037,
Petitioner

v.   Case No. RDB-1-08-CR-00056-001

UNITED STATES OF AMERICA,
Respondent
_____/

MOTION FOR MODIFICATION OF AN IMPOSED TERM OF
IMPRISIONMENT, ALTERNATELY, MOTION FOR SENTENCE
REDUCTION PURSUANT TO THE FIRST STEP ACT OF
2018 - 18 USC 3582(C)(1)(A)(i)

Petitioner, PATRICK A. BYERS being of age 35 appearing PRO SE is filing this action in accordance with 18 USC § 3582(C)-(1)(A)(i).

## BACKGROUND

I.  FACTS AND PROCEDURAL HISTORY:

Pititioner was indicted in a Second Superceding Indictment for CONSPIRACY TO USE INTERSTATE COMMUNICATIONS FACILITIES IN THE COMMISSION OF MURDER-FOR-HIRE in violation of 18 USC 1958(a), CONSPIRACY TO MURDER A WITNESS, Resulting in death in violation of 18 USC 1512(a)(1)(c), MURDER OF WITNESS in violation of 18 USC 1512(a)(1)(c), USE AND DISCHARGE OF A FIREARM during and Relation TO A CRIME OF VIOLENCE CAUSING death by MURDER in violation of 18 USC 924(C)(1)(a), USE AND DISCHARGE OF A FIREARM during and in Relation to a crime of violence, causing death by MURDER in violation of 18 USC 924(o), and FELON IN POSSESSION OF A FIREARM in violation of 18 USC 922(g); Henceforth, Petitioner, was found guilty and SENTENCED to 4 Life SENTENCES PLUS 20 years.

1

II.     FIRST STEP ACT OF 2018.

On, december 21, 2018, the President signed into law the First Step Act (FSA). The FSA made several Statutory changes that may serve as a basis for Mr. BYERS' Motion For a Sentence Reduction. First, the legislation made significant changes to 18 USC 3582(c)(1)(A)(i), the COMPASSIONATE RELEASE STATUTE.

A.      SECTION 603(b) of the FIRST STEP ACT

SECTION 603(b) of the FSA, titled "INCREASING THE USE AND TRANSPARENCEY of COMPASSIONATE RELEASE," amended 18 USC 3582 (c)(1)(A)(i) to provide the Sentencing Judge jurisdiction to consider a defense MOTION FOR REDUCTION of SENTENCE based on EXTRAORDINARY AND COMPELLING REASONS whenever "the defendant has fully exhausted all Administrative Remedies to appeal a failure of the BOP to bring a MOTION on the defendant's behalf," or after "the laps of 30 days from the Receipt of such a Request by the Warden of the defendant's Facility, whichever is earlier." First Step Act of 2018 § 603(b), Pub. Law 115-391, 132 Stat. 5194, 5239 (DEC. 21, 2018).

III.    INSTITUTIONAL REQUEST FOR COMPASSIONATE RELEASE

On August 20, 2020, Petitioner, petitioned the warden of USP Marion for a Sentence Reduction under § 3582(c)(1)(A). See Exhibit 1 (Institutional Request). The warden denied RELIEF on August 25, 2020. See Exhibit 2 (Warden's Response). Mr. BYERS appealed the warden's decision on Sept. 7, 2020. See Exhibt 3 (Regional Admin Remedy Appeal) which is, currently, denied; by Regional Director of the BOP. See Exhibit 4 (Response to Regional Admin Remedy Appeal). Mr. BYERS' has noted another appeal to Bureau of Prison's Central Office; see Exhibit 5 (Central Office Admin Remedy Appeal), which, too, was denied. See Exhibit 6.

2

(Response to Central Office Admin Remedy Appeal). Thus, Mr. BYERS has satisfactorily pursued Administrative Remedies, as required by § 3582(C)(1)(A).

IV    LEGAL ARGUMENT

1.    The Court has the authority to reduce Mr. BYERS' SENTENCE pursuant to § 3582(C)(1)(A)(i) based on "EXTRAORDINARY AND COMPELLING REASONS."

Section 3582(C)(1)(A)(i), as amended by the First Step Act, vest this Court with the authority to determine whether "an Extraordinary and Compelling reason other than, or in combination with" a person's age, medical condition, or family circumstances merit Sentencing Relief. USSG 1B1.13, app.n.1(D). Mr. BYERS meets the criteria for COMPASSIONATE RELEASE in three ways. First Mr. BYERS particular vulnerability to COVID-19 CONSTITUTES an EXTRAORDINARY and COMPELLING REASON for RELIEF given the spread of the virus within the BOP, and his sole resolve to care for his 89-year old grandmother during these fragile times.

**Take Note.** Prison Officials at USP Marion, simply, do not take the virus serious, despite the fact that there have been at least 175 cases, and two (2) inmate deaths, as well as several staff members who have tested positive, and we were warned that a second wave could be coming. End Note.

By which terms, the court Should grant Mr. BYERS' Home CONFINEMENT request or, alternatively, grant a substantial Reduction of the 4 Life Plus 20 year Sentence. See BRAXTON, No. JKB-09-0478, ECF No. 335 at 10-11 (granting the defendant's COVID-19 Compassionate Release Motion in part). Or, Should the Court decline to find extraordinary and compelling Reasons for

3

Sentencing Relief based on Mr. BYERS Risk of Severe illness from COVID-19, the Court should base a finding of extraordinary and compelling reasons on the fact that former Baltimore City Police Detective, Wayne Earl Jenkins was the Government's primary witness who testified in open court against the Petitioner, which it is, now, known that Mr. Jenkins (a dirty cop) had an extensive IAD file prior to his federal testimony, as shall be discussed below.

2.   THE COVID-19 PANDEMIC, WHICH POSES PARTICULAR DANGERS TO MEDICALLY VULNERABLE INMATES LIKE MR. BYERS, PRESENTS, "EXTRAORDINARY AND COMPLELLING REASONS" that justifies a COMPASSIONATE RELEASE.

This Court has the authority to base a finding of "EXTRA-ORDINARY AND COMPELLING REASONS" under either application Note 1(A) or 1(D) of USSG 1B1.13. Regardless of which prolusion the court can rely on Mr. BYERS' documented vulnerability to COVID-19, combined with the FACT that he is housed in a facility with an ongoing outbreak where two inmates have died, constitutes "EXTRORDINARY AND COMPELLING REASONS" to Reduce his sentence.

3.   THE DEADLY COVID-19 Pandemic presents "EXTRAORDINARY AND COMPELLING REASONS" for Mr. BYERS' Release

The CDC has identified several factors that put individuals at higher Risk for severe illness. Regardless of their age. The CDC has stated that people with any of the following conditions "are at an increased risk of severe illness from COVID-19": CANCER, CHRONIC KIDNEY DISEASE (which encompasses Chronic Kidney disease of any type); COPD (CHRONIC OBSTRUCTIVE PULMINARY DISEASE); IMMUNOCOMPROMISED STATE (WEAKENED IMMUNE SYSTEM) from solid organ transplant; OBESITY (body mass index of 30 OR higher); SERIOUS HEART CONDITIONS; Sickle Cell Disease; and TYPE 2 Diabetes..

Additionally, the CDC has warned that People with the following conditions "might be at an increased RISK FOR SEVER illness FROM COVID-19"; Asthma (moderate to severe); Cerebrounscular disease; Cystic Fibrosis; Hypertension or High Blood Pressure; Immunocompromise State from Blood or Bone marrow transplant; immune deficiences; HIV; Use of Corticosteroids, or use of other immune weakening medicines; neurologic conditions such as dementia, liver disease, pregnancy, pulmunary fibrosis changing damage or scarred lung tissues;, Smoking, thalassemia (type of blood disorder); and type 1 diabetes.

Mr. BYERS and his Grandmother, Ms. Edna Booze to whom Mr. BYERS was raised by and much NEED to CARE for in her 89 years, Medical Records are attached hereto that confirms that they both are at RISK, as identified by the CDC. Mr. BYERS suffers from the following: HYPERTENSION, CHRONIC ASTHMA and OBESITY, AND Ms. Booze, whom lives alone, suffers from High Blood Pressure, HYPERTENSION, has a Pacemaker, Kidney issues; suffers from ARTHRITIS in her legs and back and her hearing is deteriorating. See (Mr. Byers' BOP Medical REcords Exhibit 7) and (Ms Booze Medical Records Exhibit 8).

The above morbidities places Mr. BYERS and his grandmother squarely within the Category of people the CDC identifies as at increased RISK due to the COVID-19, with multiple CO-morbidities, Mr. BYERS is uniquely vulnerable to falling seriously, even gravely, ill should he contract COVID-19. Indeed, numerous courts, including this one, have determined that these ailments alone, or in combination with others, consitute extraordinary and compassioante Release, given the spread of the virus within the BOP. See, e.g. U.S. V. CUEVAS, No. GJH-16-0451, ECF No. 231 at 8, 10-11 C.D. md. Aug. 3, 2020) (hypertension, obesity, and Pre-diabetes).

5

4.    Judges agreed the country have exercised their discretion to grant COMPASSIONATE RELEASE based on REASONS other than Medical

Should this court decline to find that Mr. BYERS vunlnerability to falling severely ill from COVID-19 constitutes an extraordinary and compelling REASON for SENTENCE REDUCTION, it should find that it was EXTRAORDINARY BRADY V. MARYLAND, was not adhered to during Petitioner's Capital Murder trial and compelling that as a Result of such failure, former Det. Wayne E. Jenkins was allowed to testify for the government as outlined below.

Extraordianry and Compelling REASONS exist to modify Mr. BYERS' unusual SENTENCE and this is supported by the fact that former Baltimore City Police Detective Wayne Earl Jenkins, now known, nationally, to be a ROGUE Police Officer:  He was, then, head of what was titled, Baltimore City Police Department Gun Trace Task force (GTTF).  Prior to Jenkins arrest on Federal Corruption Charges and other CRIMES, Jenkings was afforded an opportunity to testify in the Petitioner's Capital Murder trial, and the Gov't did rely exclusively on Jenkins testimony.  Prior to his testimony in Mr. BYERS' trial Jenkins had, already, accumulated an extinsive adverse file with the Baltimore City Police Department Internal Affairs Division (IAD) which, also, predates Mr. BYERS' arrest; for which the gov't knew or SHOULD have known:  Yet, the gov't elected not to DISCLOSE such important (impeachment) information to the Court.  Jenkins, did testify under OATH:  which by terms of the oath would appear to be in breach of contract.

1.    In accordance with Supreme Court's Ruling in Brady v. Maryland, Prosecutors must inform anyone accused of a crime about any evidence that may help their defense.  This includes blaring details about police officers who have committed crimes,

6

and/or have provided false testimony in any case, State or Federal, and/or whose honesty and/or integrity may have been cast into doubt. Thus, the Prosecutors' failure to disclose such evidence to the defense is a violation of the constitutuional requirements of due PROCESS. "If there is a REASONABLE Probability that had the evidence (in this case, e.g. Jenkins' Pre-existing IAD File), been disclosed ot thedefense and this court, it is appropriate to assert that the Results of the Proceedings would have been different." See, Kyles v. Whitley, 514 U.S. 419, 433, 115 S.Ct. 1555, 131 L.Ed.2d 490 (1995) (quoting U.S. v. Bagley, 473 U.S. 667, 682, 105 S.Ct. 3375, 87 L.Ed.2d 881 (1985).

As such, no other physical or documentary EVIDENCE was presented to the jury that connected Mr. BYERS to the MURDER of Larry hanes, except the testimony of a before and after ROGUE Police Officer (now a federal Inmate) Wayne E. Jenkins. If Mr. BYERS' trial were to be held today with the inclusion of all of the same tainted EVIDENCE and testimony, including but not limited to Jenkins IAD File; it is highly, LIKELY, that Jenkins would not have been allowed to testify at a Capital MURDER Trial. Since Mr. BYERS 2009 Conviction that was predicated solely on Jenkins testimony, the State of Maryland has vacted, overturned, or dismissed over 1200 cases that Jenkins was directly or indirectly participated in, to include a Federal Case within this Court.

On or about September 2012, when Mr. BYERS filed his 2255 Motion with this Court, Mr. BYERS informed the court that Jenkins was a corrupt and dishonest Police Officer. Nonetheless, the court dismissed Mr. BYERS Claim, and stated that he was "making bald assertions about Jenkins' character." However, the arrest and subsequent conviction of Jenkins (now a Federal Prisoner serving a 25 year SENTENCE) proves that Mr. BYERS' Claims were NOT, MERELY, "Bald ASSERTIONS." Based on Jenkins CRIMES PRIOR

7

to Mr. BYERS arrest and conviction, and, given, Jenkins did assist CONVICTING Mr. BYERS; it would be a gross miscarriage of Justice to allow Petitioner's conviction and sentence to stand, given the Revelations that surfaced about Jenkins, then, and up until, now.

5. Apply the 3553(a) Factors, the Court Should Exercise its Discretion to Reduce Mr. BYERS' 4 Life Plus 20 Year Sentence

Whether the court finds Mr. BYERS has established EXTRA-ORDINARY AND COMPELLING REASONS for Sentence Reduction based on his or his grandmother's Medical Vulnerability(s) during COVID-19 Pandemic, or to maintain the admissibility of a corrupt former Police Detective, it must engage in an analysis of the 3553(a) Factors to determine whether, and to what extent, to Reduce his Sentence.

Mr. BYERS has been incarcerated, federally, 14 years and has no instance of disruptive or violent behavior while in the BOP. The court may consider an eligible defendant's post-sentence conduct in determining whether Relief is appropriate. See Pepper v. u.S. 502 U.S. 476 (2011). After considering all of the circumstances in this case, thecourt should conclude that ameasure of supervised Releasein the form of Home Confinement is sufficient to satisfy the purpose of sentencing. Also please see letters of Reccommendations from Mr. BYERS' family members.

## CONCLUSION

For the foregoing REASONS, Mr. BYERS, Respectfully request that the court grant his motion for a Reduction in Sentence pursuant to § 3582(C)(1)(A)(i) and/or alternatively, reduce his Sentence to HOme confinement because of his underlying

health conditions which places him at Risk of severe illness should he contract COVID-19. alternatively, Mr. BYERS request that court REDUCE his Sentence to Home confinement by the above terms which effect the institution(s).

One Final Note. His criminal case is, currently, on appeal via conduct of former police officer Jenkins, now, a prisoner, with Case No. 20-cv-636-NJR.

Clearly, this is an example illustrating how the system has failed.

Date, Oct. 16, 2020                    Respectfully Submitted,

                                       By /s/ Patrick A. Byers
                                       Patrick A. Byers