

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MARYLAND

PATRICK A BYERS, 43310037,
    Petitioner

v.

UNITED STATES OF AMERICA

--> Case No. RDB-1-08-CR-00056-001

MOTION FOR "REVIEW OF DETENTION ORDER"
in the above cause no. pursuant 18 USC § 3145

BYERS, Comes, Now, on this Motion, so named, in the breath of urgency as presented via COVID-19 Pandemic, his, ailing, 89 year old grandmother living alone and his own conditions and combination of conditions that seemingly point to a death SENTENCE for himself and/or his grandmother, as measures deserving of RELEASE, or alternatively Home Confinement, til court exercise REGULATIONS (i.e. Policy) in manner congruent to competent EVIDENCE, aver-ed, herein. BYERS, again, demonstrating 'due diligence' in efforts to explain his innocence to court, on par with case law mentioned.

Petitioner, incorporates, by reference, previously filed [Motion For Modification OF AN IMPOSED TERM OF IMPRISONMENT, Alternately, Motion For Sentence REDUCTION pursuant to the First Step Act of 2018 - 18 USC § 3582(C)(1)(A)(i)], in the interest of brevity as means of voiding duplicity and showing court grave errors exist, which require immediate attention.

Per consideration of this issue: Petitioner relies upon due diligence of research. See United States of America v. ALI AL-TIMIMI, 2020 U.S.Dist.LEXIS 149238 (4th Cir 8/18/2020), as there exist similar circumstances which parallel those in "BYERS."

SIMILARLY, TO AL-TIMIMI, in BYERS' it will be demonstrated that:

- § 922(g) charge may suffer being **vacated** or Granted new trial.

- With new trial, Petitioner, will be able to illustrate verifiable facts that government lacks evidence of/on Counts 3 & 4 Murder of Government witness; due to EVIDENCE, there was no pending investigation for the Haynes murder, nor was there any federal assistance, provided for the Haynes murder. See U.S. v. Fowler, 2011. Petitioner, also, now, avers he could not raise claim, earlier because government sealed discovery and other exculpatory EVIDENCE preventing him from proof-of-claim(s).

  With a new trial, Petitioner, can show the government used illegal EVIDENCE of cell-phone records they retrieved without Search Warrant. Id. U.S. v. Carpenter (2017).

  With new trial, Petitioner, will demonstrate that government deployed and relied upon an illegal "sting-ray" device to gather tainted EVIDENCE utilized during trial proceeding allowing conviction.

Similar to AL-TIMIMI, BYERS, for family ties demonstrates 1) that he is not likely to flee or pose a danger to others; 2) that his appeal raises a substantial question of law or, fact, likely, to result in reversal, a new trail or a sentence less than time served . . . and 3) that there are exceptional reasons why detention is not appropriate. Note. CMU place of confinement poses atypical harsh conditions during time of Pandemic, whereby staff at Marion force BYERS to be in close contact with other INMATES who,

2

not only test positive for COVID-19, some have, already, had the virus asto play his life in a game of Russian-roulette: this manner of gaming violates custodial contract.

Unlike AL-TIMIMI, BYERS has yet to be afforded a set arrangement allowing for conditions or combination of conditions to test his ability to conform, thereto, with terms of being released.

Of further importance; and these facts are very significant - Alleged crimes in BYERS lacks federal nexus to be prosecuted in a federal court. See U.S. v. Snyder, 865 F.3d 490 (7th Cir. 5/25/2017). Additionally. Like in Snyder, BYERS "argues that the government's EVIDENCE was insufficient to prove that federal nexus element under the standard adopted in FOWLER v. United States, 563 U.S. 668, 131 S.Ct. 2045, 179 L.Ed.2d 1099 (2011)."; and,

Where court agreed the government failed to offer sufficient evidence to satisfy FOWLER and vacated charges; BYERS must receive the same effects, for case being of the same fruit.

Seemingly, BYERS, is jailed for maintaining his innocence. Yet. His efforts to remain steadfast with due diligence is or comes with good cause. As EVIDENCE of case-law supports his claim(s) and other court presedents are coming of age to express the same words echoed by BYERS for the years he's been detained. Procedurally, by the weight of the FACTUAL EVIDENCE BYERS has all RIGHT to maintain his STATUS of being innocent and to secure his freedom, immediately or ALTERNATIVELY be granted Home Confinement until this or these matter(s) are corrected; so that, his grandmother can be cared for by him, during these trying times.

3

Case demonstrates collusion of violating BYERS' Rights. ID. Wrongful imprisonment. BYERS' Due Process rights are, in particular, violated by depriving him of vested INTERESTS in FAIRNESS.

Whereby, BYERS CAN DEMONSTRATE HIS APPEAL RAISES substantial question asto the VALIDITY of his conviction under all COUNTS. Likewise BYERS puts the court on NOTICE THAT INTERVENING develpments, further, bolster his likelihood of success, on Appeal.

BYERS, with competent EVIDENCE desires to honor his grandmother with comfort in these troubling times, if these will be their last days. Respectfully.

Date, October 26, 2020

/Patrick A. Byers/
Patrick A. Byers

CERTIFICATE OF SERVICE

I certify that, I placed a true and correct copy of the attached MOTION FOR REVIEW in hands of Mail Staff, at Marion for purpose of delivery to U.S. District Court; U.S. Attorneys Office and Public Defender's Office. When item scanned, it is deemed delivered and made available to all parties.

This Certificate was executed October 26, 2020, at USP Marion, Marion Illinois.

/Patrick A. Byers Jr./