IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| PATRICK ALBERT BYERS, JR., | * | |
| Petitioner, | * | Civil Action No. RDB-12-2348 |
| v. | * | Criminal Action No. RDB-08-056 |
| UNITED STATES OF AMERICA, | * | |
| Respondent. | * | |

* * * * * * * * * * * *

## MEMORANDUM ORDER

Petitioner Patrick Albert Byers, Jr. ("Petitioner" or "Byers") faced capital charges in this Court for conduct stemming from the murder of Carl Stanley Lackl, who was expected to testify against Byers in a state murder trial. On April 17, 2009, following a 23-day guilt phase trial before this Court, a jury convicted Byers of the following offenses with which he was charged in a Superseding Indictment: Conspiracy to Use a Facility of Interstate Commerce in the Commission of a Murder for Hire in violation of 18 U.S.C. § 1958(a) (Count One); Use of a Facility of Interstate Commerce in the Commission of a Murder for Hire in violation of 18 U.S.C. § 1958(a) (Count Two); Conspiracy to Kill Another Person with Intent to Prevent his Communication to a Law Enforcement Office or Judge of the United States Related to the Commission or Possible Commission of a Federal Offense in violation of 18 U.S.C. §§ 1512(a)(1)(C), (3)(A), and (k) (Count Three); Killing Another Person with intent to Prevent his Communication to a Law Enforcement Officer or Judge of the United States related to the Commission or Possible Commission of a Federal

Offense in violation of 18 U.S.C. §§ 1512(a)(1)(C), (3)(A), and (k) (Count Four); Using a Firearm in Furtherance of a Crime of Violence, and Aiding and Abetting the Use of a Firearm in Furtherance of a Crime of Violence in violation of 18 U.S.C. § 924(c) and 18 U.S.C. § 2 (Count Five); Causing the Death of Carl Stanley Lackl through the Use of a Firearm in the Course of the Commission of the Offense Charged in Count Five in violation of 18 U.S.C. § 924(j) (Count Six); Conspiracy to Use a Firearm in Furtherance of a Crime of Violence in violation of 18 U.S.C. § 924(o) (Count Seven); and Unlawful Possession of a Firearm by a Prohibited Person in violation of 18 U.S.C. § 922(g)(1) (Count Eight).[1] (Jury Verdict, ECF No. 316; Superseding Indictment, ECF No. 95; Notice of Intent to Seek the Death Penalty, ECF No. 94.)

On May 4, 2009, the jury was unable to reach a unanimous verdict as to the death penalty. (Special Verdict, ECF No. 339.) Accordingly, this Court sentenced Byers to four consecutive terms of life in prison.[2] (Judgment, ECF No. 340.) The United States Court of Appeals for the Fourth Circuit affirmed Byers' convictions and sentence. *United States v. Byers*, 649 F.3d 197, 201 (4th Cir. 2011). Byers later filed a motion to vacate pursuant to 28 U.S.C. § 2255. (ECF Nos. 412, 424.) In a Memorandum Opinion dated September 16, 2015,

---

[1] Byers was acquitted on Count Nine, which charged him with possession of a firearm in furtherance of a drug trafficking crime in violation of 18 U.S.C. § 924(c). (ECF No. 316 at 3.)

[2] Specifically, this Court sentenced Byers to concurrent terms of life imprisonment on Counts One and Two; a consecutive term of life imprisonment on Count Three; a term of life imprisonment on Count Four which was to run concurrent to the sentence imposed on Count Three and Consecutive to Counts One and Two; a life sentence on Count Six which was to run consecutive to the sentences on Count One, Two, Three, and Four; a term of life imprisonment on Count Five which was to run consecutive to the sentences imposed on Counts One, Two, Three, Four, and Six; a twenty-year term of imprisonment on Count Seven to run concurrent to Count Five; and a term of 10 years of imprisonment on Count Eight to run concurrent with the sentences imposed on Counts Five and Seven. (Judgment, ECF No. 340.)

this Court DENIED Byers' motion to vacate and denied a certificate of appealability. (Memorandum Opinion, ECF No. 464.)

Presently pending before this Court are several additional post-conviction motions that Byers has filed *pro se*. The parties' submissions have been reviewed, and no hearing is necessary. *See* Local Rule 105.6 (D. Md. 2021). For the reasons that follow, Byers' Motion for Request of Discovery (ECF No. 474), construed as a motion for relief from judgment under Federal Rule of Civil Procedure 60(b), is GRANTED IN PART AND DENIED IN PART such that Byers will be permitted to amend his original petition under § 2255 as to his convictions and sentences on Counts Three, Four, and Eight. Byers will not, however, be permitted additional discovery at this time nor will he under any circumstances be permitted personally to possess the discovery material in this case. The Government's objection to that motion (ECF No. 475) is OVERRULED. Byers' Motions to Appoint Counsel (ECF Nos. 528, 533) are GRANTED. Byers will be appointed counsel to assist in amending his § 2255 petition with respect to Counts Three, Four, and Eight. Byers' Rule 60(b)(2) & (6) Motion (ECF No. 529) is therefore MOOT. Byers' Motion to Vacate Pursuant to § 2255 on the basis of *Johnson v. United States*, 576 U.S. 591 (2015) (ECF No. 480) is DENIED.

## STANDARD OF REVIEW

I.   **28 U.S.C. § 2255 Standard**

This Court recognizes that the Petitioner is *pro se* and has accorded his pleadings liberal construction. *See Erickson v. Pardus*, 551 U.S. 89, 94 (2007). Under 28 U.S.C. § 2255, a prisoner in custody may seek to vacate, set aside, or correct his sentence on four grounds: (1) the sentence was imposed in violation of the Constitution or laws of the United States, (2)

the court was without jurisdiction to impose the sentence, (3) the sentence was in excess of the maximum authorized by law, or (4) the sentence is otherwise subject to a collateral attack. *Hill v. United States*, 368 U.S. 424, 426-27 (1962) (citing 28 U.S.C. § 2255).

The scope of a § 2255 collateral attack is far narrower than an appeal, and a "'collateral challenge may not do service for an appeal.'" *Foster v. Chatman*, 136 S. Ct. 1737, 1758 (2016) (quoting *United States v. Frady*, 456 U.S. 152, 165 (1982)). Thus, any failure to raise a claim on direct appeal constitutes a procedural default that bars presentation of the claim in a § 2255 motion unless the petitioner can demonstrate cause and prejudice, or actual innocence. *United States v. Pettiford*, 612 F.3d 270, 280 (4th Cir. 2010); *see Dretke v. Haley*, 541 U.S. 386, 393 (2004); *Reed v. Farley*, 512 U.S. 339 (1994); *see also United States v. Mikalajunas*, 186 F.3d 490, 492-93 (4th Cir. 1999).

## II.     Rule 60(b) Standard

Habeas proceedings under 28 U.S.C. § 2255 are brought as civil actions. Accordingly, the Federal Rules of Civil Procedures apply "to the extent that they are not inconsistent with the Habeas Corpus Rules." *Woodford v. Garceau*, 538 U.S. 202, 208, 123 S. Ct. 1398, 155 L. Ed. 2d 363 (2003). Rule 60(b) of the Federal Rules of Civil Procedure states that "[o]n motion and just terms, the court may relieve a party or its legal representative from a final judgment, order, or proceeding for the following reasons . . . (1) mistake, inadvertence, surprise, or excusable neglect; . . . (6) any other reason that justifies relief." Fed. R. Civ. P. 60(b). Rule 60(c) requires that a motion under Rule 60(b) "must be made within a reasonable time – and for reason[] (1) . . . no more than a year after the entry of the judgment or order or the date of the proceeding." Fed. R. Civ. P. 60(c). A motion under Rule 60(b)(6) requires

4

"extraordinary circumstances" or "situations involving undue hardship." *See Reid v. Angelone*, 369 F.3d 363, 370 (4th Cir.2004) (citation omitted).

## ANALYSIS

In the unique circumstances of this case, Petitioner's Motion for Request of Discovery (ECF No. 474), construed as a motion under Federal Rule of Civil Procedure 60(b)(6), must be granted in the interests of justice.[3] Petitioner has made a showing both of extraordinary circumstances and undue hardship. First, twenty days after the United States Court of Appeals for the Fourth Circuit upheld Petitioner's convictions and sentence, the Supreme Court of the United States issued its decision in *Fowler v. United States*, 563 U.S. 668, 677 (2011), in which it held that in a prosecution for witness tampering murder under 18 U.S.C. § 1512(a)(1)(C)

> where the defendant does not have particular federal law enforcement officers in mind [,] the Government must show *a reasonable likelihood* that, had, *e.g.*, the victim communicated with law enforcement officers, at least one relevant communication would have been made to a federal law enforcement officer. That is to say, where the defendant kills a person with an intent to prevent communication with law enforcement officers generally, that intent includes an intent to prevent communications with *federal* law enforcement officers only if it is reasonably likely under the circumstances that (in the absence of the killing) at least one of the relevant communications would have been made to a federal officer.

---

[3] In his motion, which was filed six months after this Court decided the original § 2255 petition on the merits, Petitioner requests access to all trial discovery materials to assist him in preparing a "Motion 60(b) in accordance with the Federal Rules of Criminal Procedure." (ECF No. 474 at 1.) Rule 60 of the Federal Rules of Criminal Procedure concerns victims' rights. It is clear from the context of the filing that the *pro se* Petitioner meant to refer to Federal Rule of Civil Procedure 60(b), which provides a basis for a district court to reconsider a prior judgment. To the extent Petitioner requests that he be permitted personally to possess the discovery material in this case at his federal prison facility, the request is DENIED given the security concerns at issue. *United States v. Galloway*, 749 F.3d 238, 242 (4th Cir. 2014) (upholding the decision of this Court not to permit a criminal defendant to possess discovery material in a correctional facility due to safety considerations).

*Fowler v. United States*, 563 U.S. 668, 677-78 (2011). In *United States v. Smith*, 723 F.3d 510, 515 (4th Cir. 2013), the Fourth Circuit held that *Fowler* is retroactively applicable to cases on collateral review. Given this Court's instructions to the jury on Counts Three and Four, the Petitioner's convictions and sentences on those counts could possibly be subject to a meritorious collateral attack. (Apr. 16. 2009 Tr., ECF No. 392 at 722-26.) Byers, however, proceeding *pro se*, did not raise this issue in either his original or supplemental § 2255 petition.[4] In light of the mandatory nature of the life sentences imposed on Counts Three and Four, this Court concludes that extraordinary circumstances warrant granting Petitioner relief under Federal Rule of Civil Procedure 60(b) and permitting him to amend his § 2255 petition to address the change in the law governing Counts Three and Four.[5]

Petitioner is also granted relief under Rule 60(b) such that he will be permitted to amend his § 2255 petition to raise challenges to his conviction and sentence on Count Eight, which charged him with being a felon in possession of a firearm in violation of 18 U.S.C. § 922(g). Petitioner has raised concerns about the participation of former Baltimore Police Sergeant Wayne Jenkins in the investigation of this case. On January 5, 2018, Jenkins pled guilty to federal racketeering, robbery, obstruction of justice, and deprivation of rights charges relating to the corruption of the Gun Trace Task Force. (CCB-17-106, Plea Agreement of Wayne Jenkins, ECF No. 254.) *See also generally United States v. Taylor*, 942 F.3d 205 (4th Cir. 2019); *Burley v. Balt. Police Dep't*, 422 F. Supp. 3d 986 (D. Md. 2019). Jenkins was ultimately sentenced to 240 months in prison. (CCB-17-106, Judgment, ECF No. 422.) In

---

[4] Nor did the Government address *Fowler* in its response to Petitioner. (ECF No. 432.)
[5] *See* Fed. R. Civ. P. 15(a)(2) ("The court should freely give leave [to amend] when justice so requires.").

this case, Jenkins testified against Petitioner regarding Petitioner's possession of the Sig Sauer .40 caliber semiautomatic handgun charged in Count Eight of the Superseding Indictment. (Apr. 7, 2009 Tr., ECF No. 380 at 165.) At the time Petitioner filed his original § 2255 petition, the details of Jenkins' corruption were not publicly known. Accordingly, on the facts of this case, relief under Rule 60(b) is appropriate to permit Petitioner to amend his § 2255 petition to raise arguments regarding his conviction and sentence on Count Eight.[6]

While Petitioner did request the appointment of counsel in the preparation of his § 2255 petition, this Court denied that request. (Memorandum Opinion, ECF No. 464 at 46 n.36.) However, in light of the factors noted above, this Court concludes that justice requires that Petitioner be appointed counsel to prepare his amended § 2255 petition regarding Counts Three, Four, and Eight. *See* 18 U.S.C. § 3006A(a)(2)(B). Accordingly, Petitioner's Motions to Appoint Counsel (ECF Nos. 528, 533) are GRANTED.

Finally, Petitioner's presently pending Motion to Vacate Pursuant to § 2255 (ECF No. 480) is DENIED. In his unauthorized and successive petition, Byers raises a single claim for relief based on the Supreme Court's decision in *Johnson v. United States*, 576 U.S. 591 (2015). *Johnson*, however, is inapplicable in this case. *Johnson* addressed 18 U.S.C. § 924(e), a provision of the Armed Career Criminal Act. Under that provision, a person convicted under § 922(g) who has three previous convictions for a violent felony or serious drug offense is subject to an enhanced mandatory minimum term of imprisonment of 15 years and a maximum term of imprisonment of life. 18 U.S.C. § 924(e). At the time of his

---

[6] In light of the decision of this Court to grant Petitioner's first motion for relief under Rule 60(b) (ECF No. 474), his second Rule 60(b) motion (ECF No. 529) is MOOT.

conviction in this case, Byers did not have the requisite three qualifying prior convictions to trigger § 924(e). Therefore, Byers was sentenced to 10 years of imprisonment on Count Eight, the statutory maximum absent the Armed Career Criminal Act enhancement. (18 U.S.C. § 924(a)(2); Judgment, ECF No. 340.) Accordingly, Petitioner's Motion to Vacate (ECF No. 480) is DENIED. The Petition (ECF No. 480) does not satisfy the standard for a Certificate of Appealability, which may issue only if there is a substantial showing of the denial of a constitutional right. *See* 28 U.S.C. § 2253(c). Therefore, a Certificate of Appealability is DENIED

## CONCLUSION

For the reasons stated above, it is HEREBY ORDERED this 22nd day of March 2022 that:

1. Byers' Motion for Request of Discovery (ECF No. 474), construed as a motion for relief from judgment under Federal Rule of Civil Procedure 60(b), is GRANTED IN PART AND DENIED IN PART such that Byers will be permitted to amend his original petition under § 2255 as to his convictions and sentences on Counts Three, Four, and Eight of the Superseding Indictment. Byers will not, however, be permitted additional discovery at this time nor will he under any circumstances be permitted to possess the discovery material in this case. The Clerk of this Court shall REOPEN Civil Action No. RDB-12-2348. The Government's objection to that motion (ECF No. 475) is OVERRULED.

2. Byers' Motions to Appoint Counsel (ECF Nos. 528, 533) are GRANTED. Byers will be appointed counsel to assist in amending his § 2255 petition with respect to Counts Three, Four, and Eight.

3. Byers' Rule 60(b)(2) & (6) Motion (ECF No. 529) is MOOT.

4. Byers' Motion to Vacate Pursuant to § 2255 on the basis of *Johnson v. United States*, 576 U.S. 591 (2015) (ECF No. 480) is DENIED. The Clerk of this Court shall CLOSE Civil Action No. RDB-16-2394.

        _____/s/_____
        Richard D. Bennett
        United States District Judge