IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| PATRICK ALBERT BYERS, JR., | * | |
| Petitioner, | * | Civil Action No. RDB-12-2348 |
| v. | * | Criminal Action No. RDB-08-056 |
| UNITED STATES OF AMERICA, | * | |
| Respondent. | * | |

\* \* \* \* \* \* \* \* \* \* \* \*

## MEMORANDUM ORDER

On March 22, 2022, this Court issued a Memorandum Order construing then-*pro se* Petitioner Patrick Albert Byers, Jr.'s Motion for Request for Discovery (ECF No. 474) as a motion for relief from judgment under Federal Rule of Civil Procedure 60(b) and granting Byers leave to amend his original 28 U.S.C. § 2255 petition. (Memorandum Order, ECF No. 534.) Specifically, this Court permitted Byers to file an amended § 2255 petition to attack his convictions and sentences as to Counts Three and Four of the Superseding Indictment on the basis of the Supreme Court's decision *Fowler v. United States*, 563 U.S. 668, 677 (2011); and as to Count Eight on the basis of subsequently uncovered misconduct on the part of former Baltimore Police Sergeant Wayne Jenkins. In addition, this Court appointed counsel to assist Byers in preparing his amended petition.[1] Presently pending before this Court is the Government's Motion for Reconsideration of this Court's Memorandum Order. (ECF No. 537.) The parties' submissions have been reviewed, and no hearing is necessary. *See* Local

---

[1] Attorney Brent Evan Newton has entered his appearance on Byers' behalf. (ECF No. 535.)

Rule 105.6 (D. Md. 2021). For the reasons that follow, the Government's Motion for Reconsideration (ECF No. 537) is DENIED.

## STANDARD OF REVIEW

Federal Rule of Civil Procedure 54(b) governs reconsideration of orders that do not constitute final judgments in a case. Rule 54(b) provides that "any order or other decision, however designated, that adjudicates fewer than all the claims or the rights and liabilities of fewer than all the parties ... may be revised at any time before the entry of judgment adjudicating all the claims and all the parties' rights and liabilities." Fed. R. Civ. P. 54(b). The United States Court of Appeals for the Fourth Circuit has not enunciated the precise standard that should govern a motion for reconsideration of an interlocutory order under Rule 54(b). *Fayetteville Investors v. Commercial Builders, Inc.*, 936 F.2d 1462, 1472 (4th Cir. 1991). In *Fayettville*, the Fourth Circuit declined to "thoroughly express [its] views on the interplay of Rules 60, 59 and 54," but suggested that at least parts of the Rule 60(b) standard may be referenced by a district court in determining whether it should reconsider an interlocutory order. *Id* at 1470. Thus, the court's analysis is guided by Rule 60(b) but is not bound by its strictures. *Am. Canoe Ass'n v. Murphy Farms, Inc.*, 326 F.3d 505, 514 (4th Cir. 2003) ("Motions for reconsideration of interlocutory orders are not subject to the strict standards applicable to motions for reconsideration of a final judgment.").

Under Rule 60(b), this Court has discretion to relieve plaintiff from a final order when any of the following can be shown: (1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b); (3) fraud (whether previously

2

called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party; (4) the judgment is void; (5) the judgment has been satisfied, released, or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or (6) any other reason that justifies relief. Fed. R. Civ. P. 60(b). Motions for reconsideration are "an extraordinary remedy which should be used sparingly." *Pacific Ins. Co. v. Am. Nat. Fire Ins. Co.*, 148 F.3d 396, 403 (4th Cir. 1998).

## ANALYSIS[2]

### I. The Government's Jurisdictional Challenge is Premature

The Government argues that this Court lacks jurisdiction to consider Byers' forthcoming amended petition because it will constitute an unauthorized, successive habeas petition. The substance of the Government's challenge, however, is not ripe. This Court construed Byers' *pro se* correspondence as a motion under Rule 60(b) and granted limited relief in the form of leave to amend the original § 2255 petition. After Byers, through counsel, files his amended petition, and after the Government has the opportunity to respond to the amended petition, this Court will rule on the question of jurisdiction.

### II. Neither Res Judicata nor the Law of the Case Doctrine Compels Reconsideration of this Court's Memorandum Order

The Government next contends that Byers' motion should have been denied under the doctrines of res judicata and the law of the case. The gravamen of the Government's

---

[2] Both the United States Court of Appeals for the Fourth Circuit and this Court have previously explained the background of this case. *United States v. Byers*, 649 F.3d 197 (4th Cir. 2011); *Byers v. United States*, Civil Action No. RDB-12-2348, 2015 U.S. Dist. LEXIS 123295 (D. Md. Sep. 16, 2015); *Byers v. United States*, Civil Action No. RDB-12-2348, 2022 U.S. Dist. LEXIS 50866, at *1 (D. Md. Mar. 22, 2022). Accordingly, this Court does not repeat that background here.

argument is that the Fourth Circuit has already ruled on the claims Byers seeks to raise in his amended petition. "Under the doctrine of res judicata, 'a final judgment on the merits bars further claims by parties or their privies based on the same cause of action.'" *Andrews v. Daw*, 201 F.3d 521, 524 (4th Cir. 2000) (citing *Montana v. United States*, 440 U.S. 147, 153 (1979)). "The law of the case doctrine posits that when a court decides upon a rule of law, that decision should continue to govern the same issues in subsequent stages in the same case." *United States v. Lentz*, 524 F.3d 501, 528 (4th Cir. 2008) (internal quotation marks omitted); *see also United States v. Henderson*, 631 F. App'x 118, 120 (4th Cir. 2015). In this case, the Fourth Circuit has not ruled on the merits of Byers' arguments as to Counts Three, Four, and Eight. Instead, the Fourth Circuit has denied his prior applications for authorization to file a successive § 2255 petition. (ECF Nos. 537-2, 537-4.) Should this Court determine that Byers' forthcoming amended petition does *not* constitute a successive petition and that it is therefore properly before this Court, this Court will then address the merits of the arguments.

### III. Byers' Rule 60(b) Motion was Timely

Third, the Government contends that Byers' Rule 60(b) motion was untimely. This Court granted Byers' motion pursuant to Federal Rule of Civil Procedure 60(b)(6), which permits a court to grant relief from a final judgment for "any other reason that justifies relief." A motion under Rule 60(b)(6) must be made "within a reasonable time" after the entry of judgment. Fed. R. Civ. P. 60(c)(1). In this case, Byers filed his *pro se* correspondence, which this Court construed as a motion pursuant to Rule 60(b), six months after this Court

4

denied his original § 2255 petition. Accordingly, this Court concludes that Byers' *pro se* motion was timely.

## IV.  The Concurrent Sentence Doctrine Does Not Preclude Relief

Finally, the Government argues that Byers' motion should have been denied because, even assuming he is successful on the merits of the arguments in his amended petition, he is still left to serve a life sentence.[3] As the Fourth Circuit has articulated,

> The concurrent sentence rule provides that where a defendant receives concurrent sentences on plural counts of an indictment and where the conviction on one count is found to be good, a reviewing court need not pass on the validity of the defendant's conviction on another count. . . . [T]he application of the rule has, though, been restricted to situations where there is *no substantial possibility* that the unreviewed conviction will adversely affect the defendant's right to parole or expose him to a substantial risk of adverse collateral consequences.

*United States v. Truong Dinh Hung*, 629 F.2d 908 (4th Cir. 1980); *see also United States v. Charles*, 932 F.3d 153, 159 (4th Cir. 2019). However, the Fourth Circuit has "recognize[d] an additional limitation to the concurrent sentence doctrine. Because 18 U.S.C. § 3013 imposes a special monetary assessment for each count of *conviction*, the Court has held that the concurrent sentence doctrine cannot be applied to avoid reaching a defendant's challenge to one of his federal *convictions*, reasoning that the additional punishment of the assessment means that the sentences are not truly concurrent." *United States v. Charles*, 932 F.3d 153, 160

---

[3] Specifically, this Court sentenced Byers to concurrent terms of life imprisonment on Counts One and Two; a consecutive term of life imprisonment on Count Three; a term of life imprisonment on Count Four which was to run concurrent to the sentence imposed on Count Three and Consecutive to Counts One and Two; a life sentence on Count Six which was to run consecutive to the sentences on Count One, Two, Three, and Four; a term of life imprisonment on Count Five which was to run consecutive to the sentences imposed on Counts One, Two, Three, Four, and Six; a twenty-year term of imprisonment on Count Seven to run concurrent to Count Five; and a term of 10 years of imprisonment on Count Eight to run concurrent with the sentences imposed on Counts Five and Seven. (Judgment, ECF No. 340.)

(4th Cir. 2019). In this case, counsel for Byers represents that Byers will be challenging his convictions on Counts Three, Four, and Eight. (ECF No. 538 at 11, 13.) In any event, whether to apply the concurrent sentence doctrine is a matter left to a court's discretion. *Charles*, 932 F.3d at 162. Accordingly, there is no basis for this Court to reconsider its Memorandum Order granting Byers relief from judgment for the limited purpose of amending his original § 2255 petition with the assistance of counsel.

## CONCLUSION

For the reasons stated above, it is HEREBY ORDERED this 18th day of May, 2022 that the Government's Motion for Reconsideration (ECF No. 537) is DENIED. By Wednesday, May 25, 2022, the parties shall submit a joint proposed briefing schedule for Byers' amended petition pursuant to 28 U.S.C. § 2255.

_____/s/_____
Richard D. Bennett
United States District Judge