# UNITED STATES DISTRICT COURT
## DISTRICT OF MARYLAND

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | § | |
| | § | |
| **v.** | § | **1:08-cr-56-RDB** |
| | § | **(1:12-cv-2348)** |
| **PATRICK ALBERT BYERS, JR.** | § | |

### DEFENDANT'S REPLY TO THE GOVERNMENT'S RESPONSE TO HIS AMENDED SECTION 2255 MOTION AND MOTION FOR LEAVE TO ADD NEW CLAIMS

The defendant, Patrick Albert Byers, Jr., through undersigned appointed counsel, submits this reply to the government's response in opposition to his amended section 2255 motion.   This reply also addresses the government's opposition to Mr. Byers' motion for leave to amend his section 2255 motion to add other new claims challenging *all* his convictions.

## I.
### This Court Possesses Jurisdiction Over Mr. Byers' Amended Section 2255 Motion

The government initially contends that this Court lacks jurisdiction over Mr. Byers' amended section 2255 motion because it is the functional equivalent of a "successive" section 2255 motion (which requires authorization to file by the Fourth Circuit). *See* Government's Response, at 8-12.  The government errs.

The amended section 2255 motion that Mr. Byers has filed was expressly authorized by this Court pursuant to Federal Rule of Civil Procedure 60(b) in its

order of order of March 22, 2022.  ECF No. 534, at 8 ("Byers' Motion for Request of Discovery (ECF No. 474), construed as a motion for relief from judgment under Federal Rule of Civil Procedure 60(b), is GRANTED IN PART AND DENIED IN PART such that Byers will be permitted to amend his original petition under § 2255 as to his convictions and sentences on Counts Three, Four, and Eight of the Superseding Indictment.").

This Court properly granted Rule 60(b) relief because this Court still possesses jurisdiction over the amended section 2255 motion.  The government's reliance on *Gonzalez v. Crosby*, 545 U.S. 524 (2005), and Fourth Circuit precedent discussing *Gonzalez*, is misplaced.  Although the Supreme Court in *Gonzalez* held that "[i]n *most cases*, determining whether a Rule 60(b) motion advances one or more [new] 'claims' will be relatively simple," *id.* at 532 (emphasis added), the Court recognized that the general rule against raising new claims in a Rule 60(b) motion is not invariably applicable.  *Id.* at 534.  Rule 60(b) permits "exceptional" situations that present more than a mere new "claim of error."

Mr. Byers' case presents such an exceptional situation in which Rule 60(b) relief is appropriate concerning the *Fowler* claim he wishes to raise in an amended section 2255 motion.  That claim differs from an ordinary "claim of error" related to his convictions under Counts Three and Four for two related reasons – (1) he is

actually innocent of the § 1512 offenses charged in Counts Three and Four; and (2) the federal government lacked jurisdiction to prosecute him for those two charges.

In Counts Three and Four of the superseding indictment, Mr. Byers was charged with killing Carl Lackl "with intent to . . . prevent the communication by [Lackl] to a law enforcement officer or judge of the United States of information relating to the commission or possible commission of a Federal offense . . . ." 18 U.S.C. § 1512(a)(1)(C). It is incontrovertible that, when Lackl was killed, he was a witness scheduled to testify against Mr. Byers at his upcoming murder trial in *state* circuit court in Maryland. *See Byers v. United States*, Cr. No. 1:08-cr-56, 2015 WL 5450179, at *1 (D. Md. Sept. 16, 2015). There is no evidence whatsoever that Mr. Byers killed Lackl to prevent him from communicating with a *federal* law enforcement or judicial official. *See Fowler*, 563 U.S. at 675 (stating that § 1512(a)(1)(C) does not apply to "witness tampering in purely state investigations and proceedings"); *see also id.* at 677-78 ("[W]here the defendant kills a person with intent to prevent communication with law enforcement officers generally, that intent includes an intent to prevent communications with *federal* law enforcement officers only if it is reasonably likely under the circumstances that (in the absence of the killing) at least one of the relevant communications would have been made to a federal officer.") (emphasis in original).

Therefore, Mr. Byers is actually innocent of the jurisdictional element of "intent to . . . prevent the communication by [Lackl] to a law enforcement officer or judge of the United States of information relating to the commission or possible commission of a Federal offense . . . ." 18 U.S.C. § 1512(a)(1)(C).  Being innocent of even a single element of an offense renders the defendant innocent of the entire offense, even if there was sufficient evidence that he committed all the other elements.  *Cf. Bousley v. United States*, 523 U.S. 614, 624 (1998) (discussing "actual innocence" in the context of a single element of the charged offense).[1]

The Supreme Court has long recognized that a showing of "actual innocence" absolves a habeas corpus petitioner of procedural bars or noncompliance with the statute of limitations.  *See McQuiggin v. Perkins*, 569 U.S. 383, 392 (2013) ('[A] credible showing of actual innocence may allow a prisoner to pursue his constitutional claims . . . on the merits notwithstanding the existence of a procedural bar to relief."); *id.* at 398 ("To invoke the miscarriage of justice exception to AEDPA's statute of limitations, we repeat, a petitioner 'must show that it is more likely than not that no reasonable juror would have convicted him in the light of the new evidence.") (citation and internal quotation marks omitted).   The same

---

[1] The government contends that Mr. Byers merely raises a "legal sufficiency" challenge to his convictions of the charges in Counts Three and Four.  Government's Response, at 14.  That is incorrect.  Mr. Byers' *Fowler* claim contends that there is no evidence – not just insufficient evidence – that he is guilty of those charges (*i.e.*, he is factually innocent of the "federal nexus" intent element).

extraordinary showing should permit a defendant under Rule 60(b)(6) to raise a new claim of insufficient evidence – that demonstrates his "actual innocence" of at least one element of the offense – in a section 2255 case.

Relatedly, because there is *no evidence* that Mr. Byers killed Lackl in order to prevent him from communicating with a *federal* law enforcement or judicial official, the federal government lacked jurisdiction to prosecute Mr. Byers for that offense. *See Champagne v. Ebbert*, Civil No. 3:16-CV-1122, 2019 WL 2343825, at *7 (M.D. Pa. May 9, 2019) ("In *Fowler*, the Court held that to satisfy the federal *jurisdictional* elements of § 1512, 'the Government must show that the likelihood of communication to a federal officer was more than remote, outlandish, or simply hypothetical. *Fowler*, 563 U.S. at 678.") (emphasis added). Therefore, Mr. Fowler challenges the existence of federal jurisdiction over him for the offenses charged in Counts Three and Four.

In addition to these reasons that Mr. Byers' case warrants Rule 60(b)(6) relief concerning his *Fowler* claim, there is an independent, additional reason that supports both his *Fowler* claim as well as his challenge to his conviction for the charge in Count Eight of the superseding indictment: this Court's initial refusal to appoint Mr. Byers counsel. Granting Rule 60(b)(6) relief is appropriate in a §§ 2254 or 2255 case when a district court decides in retrospect that appointment of counsel for an indigent *pro se* prisoner was necessary for the fairness of the proceedings. *Cf.*

*Winslow v. Portuondo*, 599 F. Supp.2d 337 (E.D.N.Y. 2009); *see also Harrison v. Senkowski*, 247 F.R.D. 402, 417 (E.D.N.Y. 2008) ("Appointment of counsel is [generally] necessary for the habeas petitioner – whether in a section 2254 or 2255 case – who almost invariably lacks the skills or resources to present claims of a constitutional violation effectively."). Rule 60(b)(6) provides federal district courts with a "grand reservoir of equitable power to do justice in a particular case." *National Credit Union Admin. Bd. v. Gray*, 1 F.3d 262, 266 (4th Cir. 1993) (internal quotation marks omitted). Because Mr. Byers was sentenced to multiple life sentences and his case is legally and factually complex, appointment of counsel was required in the interests of justice. For that additional reason, this Court possessed jurisdiction under Rule 60(b) to permit Mr. Byers to file an amended section 2255 motion raising challenges to his convictions for the offenses in Counts Three, Four, and Eight.

For these reasons, there are "extraordinary" circumstances justifying this Court's exercise of its discretionary authority under Rule 60(b)(6) for allowing Mr. Byers to amend his section 2255 motion by adding claims challenging his convictions of the charges in Counts Three and Four under *Fowler* as well as his conviction of the charge in Count Eight. There is no jurisdictional bar raised by 28 U.S.C. § 2244(a) & 2255(h).

## II.
## Mr. Byers' Claims Are Not Time-Barred

The government next contends that the one-year statute of limitations bars the claims raised in Mr. Byers' amended section 2255 motion. Again, the government errs. Regarding the *Fowler* claim challenging his convictions of the charges in Counts Three and Four, Mr. Byers' actual innocence of those charges equitably bars application of the statute-of-limitations defense. *See McQuiggin v. Perkins*, 569 U.S. 383 (2013).

Regarding Mr. Byers' challenge to his conviction for the charge in Count Eight, his claim is based on newly discovered evidence that was not available to him – as a *pro se* incarcerated person – when he filed his original section 2255 motion in 2012. *See* ECF No. 534, at 7 ("At the time Petitioner filed his original § 2255 petition, the details of Jenkins' corruption were not publicly known. Accordingly, on the facts of this case, relief under Rule 60(b) is appropriate to permit Petitioner to amend his § 2255 petition to raise arguments regarding his conviction and sentence on Count Eight."). As Mr. Byers explained in his 2021 Rule 60(b) motion, he did not learn about much of the new evidence of disgraced Baltimore Police Officer Wayne Jenkins' pattern official misconduct until Mr. Byers received a copy of the 2020 book, *I Got a Monster*: *The Rise and Fall of America's Most Corrupt Police Squad*, in December 2020. ECF No. 529, at 2. Mr. Byers, unrepresented by

counsel and lacking even a high school education,[2] proceeded to file a Rule 60(b) motion within one year of receiving and reading the book.  ECF No. 529, at 6 (certifying that his Rule 60(b) motion was filed on November 26, 2021).  *See* 28 U.S.C. § 2255(f)(4) ("A 1-year period of limitation shall apply to a motion under this section.  The limitation period shall run from the latest of . . . the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.").

In addition, in mid-2018, two years before the book was published, Mr. Byers put the government on notice that he believed that his conviction for the charge in Count Eight was unconstitutional as the result of Jenkins' perjury – by filing a motion for leave to file a successive section 2255 motion in August 2018.  *See* Government's Response, at 6, 11 (discussing Mr. Byers' 2018 Fourth Circuit filing). That filing occurred less than one year after Jenkins was convicted in federal court. Although that filing was done in the Fourth Circuit, it clearly related to the same section 2255 proceedings that were (and still are) pending before this Court.  That filing presumably was served on the U.S. Attorney's office via the Fourth Circuit's CM/ECF system (which also represents the government in this case).  The purpose of a statute of limitations is to put the opposing party on notice of a defendant's claims.  *See Unicure, Inc. v. Thurman*, 97 F.R.D. 1, 6 (W.D.N.Y. 1982) ("[T]he

---

[2] *See* U.S. Probation Officer Eileen Hall's Supplemental Report to the Bureau of Prisons ¶ 17.

purpose of the statute of limitations [is] to require notice of litigation based on a particular claim within a specified period of time."). Because Mr. Byers' 2018 Fourth Circuit filing effectively did just that regarding his perjury claim concerning Jenkins, the government's assertion of the limitations defense concerning Mr. Byers' perjury claim is invalid.

## III.
## Mr. Byers New Claims Are Meritorious (Or At Least Warrant An Evidentiary Hearing)

Finally, the government contends that Mr. Byers' two new claims lack merit. Government's Response, at 16-24. The government is incorrect.

### A. The *Fowler* Claim

For the reasons set forth in Mr. Byers' amended section 2255 motion, his *Fowler* claim is meritorious because there was no evidence that he possessed the type of intent required to convict him under the Supreme Court's interpretation of section 1512. No one at trial testified that federal officials were involved in a federal investigation of Byers *before the killing of Lackl* for potential federal charges. Moreover, the offense that Lackl reported to state law enforcement officials was a murder with a firearm, a "quintessential" state-law offense that very rarely is prosecuted in federal court. *United States v. Drury*, 344 F.3d 1089, 1101 (11th Cir. 2003) ("Murder . . .  is a quintessential example of a crime traditionally considered within the States' fundamental police powers."), *vacated on other grounds after*

*remand from en banc reconsideration*, 396 F.3d 1303 (11th Cir. 2005).  The fact that the federal government *could have* prosecuted Mr. Byers for the murder that Lackl witnessed or related offenses (e.g., a federal firearms offense) – before Lackl's own murder – does not mean that it was "reasonably likely" that the federal government *would have* done so before Lackl's murder.  *See United States v. Snyder*, 865 F.3d 490, 497 (7th Cir. 2017) (in a case finding insufficient evidence to support the defendant's § 1512(a)(1)(C) conviction, the Seventh Circuit noted that "Section 1512 is not satisfied simply because [a defendant's] underlying crimes amounted to federal offenses.  *Fowler* expressly rejected that argument.").  The government at Mr. Byers' pre-*Fowler* trial simply did not prove a "reasonable likelihood" that Lackl would communicate with *federal* law enforcement officials about what he had witnessed on March 4, 2006.

For these reasons, the *Fowler* error in this had a "substantial and injurious effect" on the verdict.  *Brecht v. Abrahamson*, 507 U.S. 619, 623 (1993).  This Court thus should vacate Mr. Byers' convictions for the offenses charged in Counts Three and Four and dismiss those counts with prejudice.

## B. The Perjury Claim

The government contends that Mr. "Byers does not point to a single portion of Jenkins' testimony which he claims is suspect."  Government's Response, at 23.  The government is mistaken.  In support of his amended section 2255 motion, Mr.

Byers filed a sworn declaration that specifically challenged all of Jenkins' testimony as false.  ECF. No. 544 (including ECF No. 544-1).

The combination of that sworn declaration and the evidence of Jenkins' pattern of egregious official misconduct (including perjury) in other cases – when he was a Baltimore City police officer – raises a sufficient claim of Jenkins' perjury at Mr. Byers' trial, entitling him to an evidentiary hearing.  *See Fontaine v. United States*, 411 U.S. 213, 215 (1973) (per curiam); *see also Machibroda v. United States*, 368 U.S. 487, 493-95 (1962).

## IV.
### This Court Should Grant Mr. Byers Leave To Further Amend His Section 2255 Motion To Include Claims Challenging *All* His Convictions.

The government also opposes Mr. Byers' motion for leave to add additional claims challenging all of his convictions:[3] including (1) a claim that Jenkins' perjury tainted all of Mr. Byers' convictions; and (2) a claim that Mr. Byers is innocent of the charges under 18 U.S.C. § 924(c), (j) & (o) because conspiracy to commit a murder for hire (18 U.S.C. § 1958(a)) is not a "crime of violence" for purposes of 18 U.S.C. § 924(c), (j) & (o).

---

[3] The government wrongly claims that "Byers and his counsel" were granted "limited relief" by this Court's March 22, 2022 order granting Rule 60(b) relief but that "Byers did not abide by this order" by seeking to raise additional claims challenging all of his convictions – which the government characterizes as "overreach."  Government's Response, at 25.  The government fails to appreciate that Mr. Byers, through his appointed counsel, has not raised any such additional claims.  Instead, Mr. Byers has asked this Court for leave to raise the additional claims.  Unless and until such leave is granted, Mr. Byers cannot raise those additional claims.

## A. The Broader Perjury Claim Relating To All Convictions

Mr. Byers asks for this Court's leave to expand the perjury claim that this Court authorized in its March 23, 2022 order – which only concerned Mr. Byers' conviction for the charge in Count Eight – to all his convictions. As explained in his amended section 2255 motion, the government's closing argument relied significantly on Jenkins' testimony with respect its entire case – not just the charge in Count Eight. For that reason, the perjury was "material" to all of Mr. Byers' convictions. *See* Defendant's Amended Section 2255 Motion & Motion for Leave to Amend His Section 2255 Motion to Include Claims Challenging All of His Convictions, at 17-21. Therefore, this Court should expand its March 22, 2022 order to permit Mr. Byers to challenge all his convictions based on the perjury claim.

Permitting Mr. Byers to do so would not violate the statute of limitations because the expanded perjury claim would "relate back" to the narrower perjury claim authorized by this Court's March 22, 2022 order. *See* Fed. R. Civ. 15(c)(1). That is because an expanded perjury claim would arise "out of the conduct, transaction, or occurrence" at issue in the current, narrower perjury claim contained in Mr. Byers' amended section 2255 motion. *Id.* In particular, both the narrower and broader perjury claims relate to the same testimony by Jenkins and the same closing arguments by the trial prosecutors.

**B. Invalid Section 924 Convictions (Counts Five, Six, and Seven)**

In addition to moving this Court for leave to challenge all his convictions based on Jenkins' perjury, Mr. Byers has moved this Court for leave to add an additional claim that challenges his three § 924 convictions on the ground that the predicate offenses alleged in the superseding indictment do not support those three convictions. Regarding the § 1958(a) predicate offenses, the government relies on the Fourth Circuit's decision in *United States v. Runyon*, 994 F.3d 192 (4th Cir. 2021), which held that § 1958(a) qualifies as a "crime of violence" when a death actually resulted. Government's Response, at 26.[4]

As explained below, the Fourth Circuit's 2021 decision in *Runyon* is not good law after the Supreme Court's subsequent decision in *United States v. Taylor*, 142 S. Ct. 2015 (2022). The Fourth Circuit in *Runyon* held that:

> While conspiracy alone does not necessarily implicate the [intentional] use of force, . . . conspiracy in the context of the § 1958 offense at issue is different because it has heightened mens rea elements, as well as the element that "death results." As already noted, an act that results in death obviously requires "physical force." . . . And the death resulting from a conspiracy to commit murder for hire has the "requisite mens rea" to constitute a use of physical force. . . . The conspiracy here has two heightened mens rea elements: (1) the intent to join the conspiracy, . . . , and (2) the specific intent that a murder be committed for hire, 18 U.S.C. § 1958(a). While these mens rea elements are not explicitly tied to the resulting-in-death element, ***in any realistic case***, they must nonetheless carry forward to the resulting-in-death element. There is

---

[4] The offenses alleged in Counts Three and Four cannot serve as predicate offenses for the § 924 offenses because, as explained above, Mr. Byers is innocent of those charges under *Fowler*'s interpretation of section 1512. At the very least, there is insufficient evidence of those charges.

**no "realistic probability"** of the government prosecuting a defendant for entering into a conspiracy with the specific intent that a murder be committed for hire and for a death resulting from that conspiracy while that death was somehow only accidentally or negligently caused. . . . This means that a conspiracy to commit murder for hire where death results necessarily involves the "use of physical force."

*Runyon*, 994 F.3d at 203 (emphasis added).

The Fourth Circuit's "realistic probability" test relied on in *Runyon* was explicitly rejected by the Supreme Court the following year in *Taylor*. *See Taylor*, 142 S. Ct. at 2025 (rejecting the "realistic probability" test in deciding whether a *federal* penal statute, as opposed to a *state* penal statute, qualifies as a predicate offense under the "categorical approach").

Without application of the "realistic probability" test, this Court should conclude that section 1958(a) can be violated without the intentional use of force. A killing could be committed by an accidental, negligent,[5] or even a reckless act[6] – scenarios which would clearly exclude the conspiracy offense as a "crime of violence."   Without application of the invalid "realistic probability" analysis, the

---

[5] *See Runyon*, 944 F.3d at 203 ("Runyon also posits a hypothetical where the target of a § 1958 murder-for-hire conspiracy died from an accidental or negligent car crash while riding in a conspirator's car and argues from this that the crime can be committed without the use of violent force. While this hypothetical might be in the realm of 'theoretical possibility,' there is no 'realistic probability' that the government would indict the conspirator for the death-results strain of conspiracy to commit murder for hire in such a situation.").

[6] *See Borden v. United States*, 141 S. Ct. 1817 (2021) (plurality & Thomas, J., concurring in judgment) (recklessness mens rea insufficient to qualify as "use of force").   Although *Borden* interpreted 18 U.S.C. § 924(e)'s language, "use . . . of physical force against the person of another," that same language, for all practical purposes, appears in § 924(c)(3)(A) ("use . . . of physical force against the person or property of another").   The addition of "or property" has no relevance.

Fourth Circuit in *Runyon* could not have found § 1958(a) to be a "crime of violence" in view of the plain language of that federal statute.  In particular, the Fourth Circuit recognized that, "while the[] mens rea elements [of conspiracy] are not explicitly tied to the resulting-in-death element [of § 1958(a)], in any realistic case, they must nonetheless carry forward to the resulting-in-death element." *Runyon*, 944 F.3d at 203. This is so, according to the *Runyon* panel, because "[t]here is no 'realistic probability' of the government prosecuting a defendant for entering into a conspiracy with the specific intent that a murder be committed for hire and for a death resulting from that conspiracy while that death is somehow only accidentally or negligently caused." *Id.* (internal citation omitted).  That reasoning was explicitly rejected by the Supreme Court in *Taylor*.  *Runyon* is no longer good law, and Mr. Byers' convictions for the offenses in Counts Five, Six, and Seven are invalid.

Therefore, this Court should grant Mr. Byers leave to add an additional claim challenging his convictions for the charges in Counts Five, Six, and Seven.  He is actually innocent of those charged offenses – which, as explained above concerning Mr. Byers' *Fowler* claim, both overcomes the statute-of-limitations hurdle that the government seeks to erect and also provides a sound basis for this Court's exercise of its equitable discretion under Rule 60(b).

## CONCLUSION

For the foregoing reasons, this Court should grant relief on the claims in this amended motion for relief under 28 U.S.C. § 2255 and also grant Mr. Byers leave to add the additional claims set forth in Part IV, *supra*.  This Court also should conduct an evidentiary hearing on Mr. Byers' perjury claim based on the testimony of Wayne Jenkins.

Respectfully submitted,

/s/ *Brent E. Newton*
Brent E. Newton
Maryland Attorney # 2002060016
brentevannewton@gmail.com
19 Treworthy Road
Gaithersburg, MD 20878
202-975-9105

**Appointed Counsel for Patrick Albert Byers, Jr.**

## CERTIFICATE OF SERVICE

On October 31, 2022, I electronically filed this amended section 2255 motion and motion for leave to include additional claims with the Clerk of Court using the CM/ECF system, which will send notification to all counsel of record.

/s/ *Brent E. Newton*
Brent E. Newton