UNITED STATES DISTRICT COURT
DISTRICT OF MARYLAND

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | § | |
| | § | |
| **v.** | § | **1:08-cr-56-RDB** |
| | § | **(1:12-cv-2348)** |
| **PATRICK ALBERT BYERS, JR.** | § | |

### DEFENDANT'S REPLY TO THE GOVERNMENT'S RESPONSE IN OPPOSITION TO DEFENDANT'S RULE 59(e) MOTION

The defendant, Patrick Albert Byers, Jr., through undersigned appointed counsel, submits this reply to the government's response in opposition to his Rule 59(e) motion for partial reconsideration.

I.

As an initial matter, the government misstates the limited relief that Mr. Byers seeks in his Rule 59(e) motion. Contrary to what the government asserts, Mr. Byers does *not* seek Rule 59(e) relief in the form of a ruling on "all of his claims on the merits and [an order] granting a certificate of appealability on all issues." Government's Opposition (ECF No. 565), at 1; *see also id.* at 4 (asserting that Mr. Byers is seeking a merits-ruling "as to all of his claims"). Mr. Byers only seeks reconsideration of a single clear error concerning only one claim:[1] this Court's

---

[1] *Pacific Ins. Co. v. American Nat. Fire Ins. Co.*, 148 F.3d 396, 403 (4th Cir. 1998).

decision that it lacked jurisdiction to rule on Mr. Byers' broader due-process perjury claim (challenging all of his convictions) based on former Officer Wayne Jenkins' testimony at trial.

This Court's order of March 22, 2022 granting Rule 60(b) relief allowed Mr. Byers to amend his § 2255 motion to include a perjury claim solely challenging his conviction of the charge in Count Eight.  Yet the very same reason for permitting Mr. Byers to amend his original § 2255 motion to include that narrower perjury claim equally justifies permitting Mr. Byers' to further amend his § 2255 motion to raise the broader perjury claim challenging all his convictions – namely, the evidence of Jenkins' extensive misconduct as a Baltimore City Police Officer (including his "rampant perjury while working for the Gun Trace Task Force," ECF No. 562, at 7), which was not fully known to Mr. Byers until 2018 (ECF No. 562, at 15 n.5).  Mr. Byers is *not* contending that this Court's alternative rejection of that broader perjury claim on the merits (ECF No. 562, at 5, 20) was a clear error justifying Rule 59(e) relief.  He merely seeks solely a denial, on the merits, of his broader perjury claim, which challenges all of his convictions, as opposed to a dismissal, for lack of jurisdiction, of the broader perjury claim.

II.

Mr. Byers also seeks limited Rule 59(e) relief concerning this Court's order denying a certificate of appealability on Mr. Byers' perjury claim based on this

Court's ruling that Mr. Byers did not prove that Jenkins' testimony at his trial was perjurious (ECF No. 562, at 8 n.3, 16 & n.6). Mr. Byers offered a sworn declaration contending that Jenkins had testified falsely (ECF No. 544). That declaration, coupled with this Court's recognition of the evidence of Jenkins' "rampant perjury" in other cases (ECF No. 562, at 7), warrants an evidentiary hearing on Mr. Byers' allegation that Jenkins committed perjury at trial.[2] Therefore, Mr. Byers respectfully requests that this Court reconsider its prior denial of a COA on Mr. Byers' perjury claims (both the narrower and broader claims).

Respectfully submitted,

/s/ *Brent E. Newton*
Brent E. Newton
Maryland Attorney # 2002060016
brentevannewton@gmail.com
19 Treworthy Road
Gaithersburg, MD 20878
202-975-9105

**Appointed Counsel for Patrick Albert Byers, Jr.**

---

[2] *See Machibroda v. United States*, 368 U.S. 487, 493-95 (1962) ("There can be no doubt that, if the allegations contained in the petitioner's motion and affidavit are true, he is entitled to have his [judgment] vacated. . . . We think the District Court did not proceed in conformity with the provisions of 28 U.S.C. § 2255, when it made findings on controverted issues of fact without notice to the petitioner and without a hearing. . . . This was not a case where the issues raised by the motion were conclusively determined either by the motion itself or by the 'files and records' in the trial court.").

3

## CERTIFICATE OF SERVICE

  On January 24, 2023, I electronically filed this reply with the Clerk of Court using the CM/ECF system, which will send notification to all counsel of record.

          /s/ *Brent E. Newton*
          Brent E. Newton