IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | * | |
| *Respondent*, | * | |
| v. | * | Criminal Action No. RDB-08-0056 |
| | | Civil Action No. RDB-12-2348 |
| PATRICK ALBERT BYERS, JR., | * | |
| *Petitioner.* | * | |

\* \* \* \* \* \* \* \* \* \* \* \* \* \*

## MEMORANDUM OPINION

Petitioner Patrick Albert Byers, Jr., ("Petitioner" or "Byers") is serving four consecutive life sentences for his involvement in the murder of Carl Lackl ("Lackl"), who was expected to testify against Byers in a state trial for the murder of Larry Haynes ("Haynes"). (ECF No. 562 at 1, 2.) After a federal capital trial and appeal, Byers' convictions became final in 2011, and he has since filed numerous petitions for postconviction relief. Presently pending before this Court is Byers' Motion for Partial Reconsideration of this Court's Opinion and Order of December 22, 2022 (ECF No. 564) ("Byers' Motion" or "Motion for Partial Reconsideration"), in which he seeks limited reconsideration of this Court's determination that it lacked jurisdiction under 28 U.S.C. § 2255 over his assertion that former Baltimore Police Sergeant Wayne Jenkins' allegedly perjurious trial testimony tainted his convictions.[1]

---

[1] Also pending before the Court are several other motions filed by Byers, described below. The Court emphasizes that Byers' pending Motion for Compassionate Release (ECF No. 510, 577) and related Motion to Appoint Counsel to Help Him Prepare a Motion for Compassionate Release (ECF No. 590) will remain pending the outcome of any review of his Amended Motion to Vacate Sentence (ECF Nos. 543, 412), including any review of this Court's decisions in the instant Memorandum Opinion and the prior Memorandum Opinion and Order dismissing in part and denying in part that Amended Motion (ECF Nos. 562, 563).

1

As further explained below, under 28 U.S.C. § 2255 and the Anti-Terrorism and Effective Death Penalty Act of 1996 ("AEDPA"), Pub. L. 104–132, 110 Stat. 1214 (1996), this Court has jurisdiction over Byers' perjury arguments. The Court now adopts its previous holding in the alternative that Byers' perjury challenge to all convictions under 28 U.S.C. § 2255 is denied on the merits. In so holding, the Court emphasizes its previous conclusions that Byers has not shown that any perjury occurred and, even if he had made such a showing, the prosecution presented overwhelming evidence of his guilt at trial.

Before reaching the facts relevant to the instant Memorandum Opinion, the Court provides a brief overview of the procedural and factual history of Byers' case. At the time of Lackl's murder, Byers was incarcerated in state prison awaiting trial for Haynes' murder. (ECF No. 562 at 1.) During a capital trial in this Court, the Government proved that Byers used a contraband cellphone to coordinate Lackl's death and prevent him from testifying. (*Id.*) The Government's case included testimony from former Baltimore Police Sergeant Wayne Jenkins ("Jenkins"), who was later convicted of federal crimes arising from his conduct as a member of the Baltimore Police Department's disgraced Gun Trace Task Force. (*Id.* at 4.) At the conclusion of the guilt phase of trial on April 17, 2009, the jury convicted Byers of eight of the nine Counts charged against him: conspiracy to use a facility of interstate commerce in the commission of a murder-for-hire, in violation of 18 U.S.C. § 1958(a) (Count One); use of a facility of interstate commerce in the commission of a murder-for-hire, in violation of 18 U.S.C. § 1958(a) (Count Two); conspiracy to murder a federal witness, in violation of 18 U.S.C. § 1512(a)(1)(C) (Count Three); murder of a federal witness, in violation of 18 U.S.C. § 1512(a)(1)(C) (Count Four); three charges related to the use of a firearm in furtherance of a

2

crime of violence, in violation of 18 U.S.C. §§ 924(c), 924(j), 924(o) (Counts Five, Six, and Seven); and possession of a firearm by a prohibited person, in violation of 18 U.S.C. § 922(g)(1) (Count Eight).[2]  (ECF No. 316.)

The jury failed to reach a unanimous verdict as to the death penalty, and this Court sentenced Byers to four consecutive terms of life imprisonment with no possibility of parole. (ECF Nos. 94; 339; 340.)  Specifically, this Court imposed concurrent life sentences as to Counts One and Two; concurrent life sentences as to Counts Three and Four, to run consecutive to Counts One and Two; a life sentence as to Count Six, to run consecutive to Counts One through Four; and a life sentence as to Count Five, to run consecutive to Counts One through Four and Count Six.  (ECF No. 340 at 3.)  The Court also sentenced Byers to twenty years' incarceration as to Count Seven, to run consecutive to Count Five; and ten years' incarceration as to Count Eight, to run consecutive to Counts Five and Seven.  (*Id.*)  The United States Court of Appeals for the Fourth Circuit affirmed Byers' convictions on May 6, 2011.  *United States v. Byers*, 649 F.3d 197, 201 (4th Cir. 2011).

After his case became final, Byers filed numerous motions for collateral relief.  On August 7, 2012, he filed a Motion to Vacate under 28 U.S.C. § 2255 (ECF No. 412; Supplement ECF No. 424), in which he raised ineffective assistance of counsel based in part on his trial counsel's failure to impeach Jenkins.  This Court denied that motion and denied a certificate of appealability on September 16, 2015.  (ECF Nos. 464, 465.)  Between 2015 and 2022, the

---

[2] The jury acquitted Byers of Count Nine, which charged possession of a firearm in furtherance of a drug trafficking crime. (ECF No. 316 at 3.)  Additionally, because Byers faced capital punishment, *see* (ECF No. 94), his trial was divided into a guilt phase and a penalty phase.  *See* (ECF No. 316 (Verdict Form); ECF No. 339 (Special Verdict Form).)

Fourth Circuit twice denied Byers' requests for authorization to file successive § 2255 motions. *See* (Appeal No. 18-326, ECF No. 557-2; Appeal No. 21-292, ECF No. 557-4). On March 22, 2022, after Jenkins' misconduct became public, Byers filed a *pro se* Motion for Discovery (ECF No. 474), which this Court granted in part as a Motion for Relief from Judgment pursuant to Federal Rule of Civil Procedure 60(b). (ECF No. 534.) The Court allowed Byers to reopen his original § 2255 Motion (ECF No. 412) to challenge Counts Three, Four, and Eight and appointed counsel to assist him. (ECF No. 534 at 8.) Byers then filed an Amended Motion to Vacate Sentence ("Byers' Amended Motion") (ECF No. 543; ECF No. 412) in which he challenged his convictions as to Counts Three, Four, and Eight and sought leave to contest all his convictions. *See* (ECF No. 543 at 20–24.)

As relevant to this Memorandum Opinion, Byers raised two arguments based on his allegation that Jenkins committed perjury at his trial: (1) a narrow perjury claim asserting that his conviction under Count Eight should be vacated; and (2) a broader perjury claim seeking to expand the scope of the authorized § 2255 amendment to challenge all convictions based on Jenkins' alleged perjury. (ECF No. 543 at 14–21.) On December 22, 2022, this Court by Memorandum Opinion and Order (ECF Nos. 562, 563) dismissed in part and denied in part Byers' Amended Motion. The Court dismissed the broader perjury claim for lack of jurisdiction and denied on the merits the narrow perjury claim.[3] (ECF No. 562.) The Court granted a certificate of appealability ("COA") as to Byers' separate challenges to Counts Three

---

[3] Byers also challenged his convictions on Counts Three and Four on separate bases, including a challenge to the jury instructions for those Counts under the Supreme Court's intervening decision in *Fowler v. United States*, 563 U.S. 668 (2011). (ECF No. 543 at 3–14.) The Court denied those arguments on the merits. *See* (ECF No. 562 at 8–14).

4

and Four but denied a COA as to the narrow perjury claim and "any supplemental challenges to his convictions on Counts One, Two, Five, Six, and Seven." (*Id.* at 22.)

Presently pending before this Court are numerous motions filed by Byers,[4] but this Memorandum Opinion and Order address only the following: (1) Petitioner's Motion for Partial Reconsideration of this Court's Opinion and Order of December 22, 2022 (ECF No. 564) ("Byers' Motion" or "Motion for Partial Reconsideration"), filed on December 30, 2022; and (2) Petitioner's Motion for Deficient Service (ECF No. 460).[5] Byers' other pending motions, (ECF Nos. 510, 513, 553, 577, 590), will be addressed separately. The parties' submissions have been reviewed, and no hearing is necessary. *See* Loc. R. 105.6 (D. Md. 2025).

For the reasons that follow, Byers' Motion for Partial Reconsideration (ECF No. 564) is GRANTED. Specifically, the Court GRANTS (1) reconsideration of the jurisdictional determination as the perjury claim, and (2) Byers' request to expand the certificate of appealability to include the perjury claim. Accordingly, the Court VACATES its prior determination that it lacks jurisdiction over Byers' broader perjury claim; DENIES on the merits Byers' that perjury claim; and GRANTS a certificate of appealability as to Byers' perjury

---

[4] The following motions, all filed *pro se* by Byers, are presently pending before this Court: (1) Petitioner's Motion for Compassionate Release (ECF No. 510), filed November 5, 2020; (2) Petitioner's Motion for Review of Detention Order (ECF No. 513), filed November 9, 2020; (3) Petitioner's Motion for Home Confinement (ECF No. 553), filed October 6, 2022; (4) Petitioner's Motion for Permission to Amend his Motion for Compassionate Release (ECF No. 577), filed November 9, 2023; and (5) Petitioner's Motion to Appoint Counsel to Help Him Prepare a Motion for Compassionate Release (ECF No. 590), filed September 23, 2024.
[5] Although the docket and this Court's prior Memorandum Opinion (ECF No. 562) reflect that this Motion for Deficient Service (ECF No. 460) is still pending, the Court DENIED this Motion (ECF No. 460) in its September 26, 2015, Memorandum Opinion (ECF No. 464). *See* (ECF No. 464 at 2, 11 n.7, 47.) Accordingly, the Court clarifies that Petitioner's Motion for Deficient Service (ECF No. 460) is DENIED for the reasons stated in its Memorandum Opinion dated September 26, 2015, *see* (ECF No. 464 at 11 n.7), and reiterates that denial in the attached Order.

claims.⁶  Byers' Motion for Deficient Service (ECF No. 460) is DENIED for the reasons stated in this Court's Memorandum Opinion dated September 16, 2015 (ECF No. 464).

## BACKGROUND

This Court and the United States Court of Appeals for the Fourth Circuit have repeatedly summarized the factual and procedural history of this case.  *See* (ECF No. 464; ECF No. 562); *United States v. Byers*, 649 F.3d 197 (4th Cir. 2011).  Accordingly, the Court provides only a brief overview of the trial testimony and subsequent conviction of former Baltimore Police Department Sergeant Wayne Jenkins ("Jenkins"), which form the basis for Byers' underlying perjury arguments and Motion for Reconsideration (ECF No. 564).

During Byers' trial in 2009, Jenkins testified for the Government about his interactions with Byers as a Baltimore Police sergeant.  Jenkins testified that Byers operated a drug shop near the location where Haynes was murdered and that Byers was an informant who ten or fifteen times had given Jenkins "information . . . in reference to narcotics, people wanted for questioning, police matters."  (ECF No. 380 at 111.)  Jenkins further testified regarding Byers' possession of the Sig Sauer .40 caliber semiautomatic handgun charged in Count Eight.  (ECF No. 534 at 7 (citing (ECF No. 380 at 165).)  Jenkins also told the jury that, on the day Haynes was murdered, Byers called Jenkins to report the shooting and later recounted the incident to him in person:

> [Byers] explained to me that he heard from a friend, which I was also trying to find out who that friend was.  He explained to me he had heard from a friend that he just saw a shooting take place about a big tall black male [who was at

---

⁶ By denying this challenge on the merits, the Court adopts its previous ruling in the alternative that the broader perjury argument is denied on its merits.  *See* (ECF No. 562 at 5).

> least six feet tall] wearing all black and by the garages. He also informed me his friend told him that a handgun was thrown on the roof.

(ECF No. 380 at 123–26.)  He explained that he believed Byers sought to use him to create an alibi:

> I believe I was being played, I was being used as an alibi, being used as a scapegoat. . . . Somebody who was just accused of murdering someone used me[,] [a] narcotics detective in Baltimore City, . . . [to] try to cover it to make it look like he's cooperating with the police[,] like he's trying to help out when in fact [he was a suspect].

(*Id.* at 130–31.)  The Government referenced Jenkins' testimony in its closing statement and rebuttal remarks at the conclusion of trial.  (ECF No. 562 (citing (ECF No. 391 at 541–42 (Closing); ECF No. 392 at 648–49, 651, 661 (Rebuttal))).)

After Byers' convictions became final in 2011, he filed a Motion to Vacate Under 28 U.S.C. § 2255 (ECF No. 412) and Supplement (ECF No. 424) in which he raised, among other arguments, a claim of ineffective assistance of counsel based on his trial counsel's failure to impeach Jenkins' testimony.  (ECF No. 424-1 ¶¶ 9–15 (alleging Jenkins' corruption); ¶¶ 16–17 (alleging Jenkins lied at trial).)  On January 5, 2018, Jenkins pled guilty to federal racketeering, robbery, obstruction of justice, and deprivation of rights charges relating to the corrupt Gun Trace Task Force within the Baltimore Police Department.  (ECF No. 562 at 15 (citing No. GLR-17-106, ECF No. 254)); *see also United States v. Taylor*, 942 F.3d 205 (4th Cir. 2019); *Burley v. Balt. Police Dep't*, 422 F. Supp. 3d 986 (D. Md. 2019).  Jenkins is presently serving a 240-month (20-year) sentence in federal custody.  *See* (GLR-17-106, Judgment, ECF No. 422); (ECF No. 534 at 6).

In 2022, based in part on Jenkins' convictions, the Court granted Byers leave under Federal Rule 60(b) to amend his original § 2255 motion to challenge Counts Three, Four, and

Eight and appointed counsel to assist him. (ECF No. 534 at 3.) On July 11, 2022, Byers, through counsel, filed an Amended Motion to Vacate Under 28 U.S.C. § 2255 (ECF No. 543) ("Byers' Amended Motion"), arguing in relevant part that (1) Count Eight should be vacated due to Jenkins' alleged perjury; and (2) leave to amend should be broadened to encompass his challenge to each conviction based on Jenkins' alleged perjury. (ECF No. 543 at 14–21.) On December 22, 2022, this Court dismissed in part and denied in part Byers' Amended Motion. (ECF No. 562.) The Court denied Byers' narrow argument that Jenkins' alleged perjury should invalidate his conviction as to Count Eight and held that it lacked jurisdiction to consider his broader argument that Jenkins' alleged perjury tainted all his convictions. (ECF No. 562 at 7–8, 14–21.) Alternatively, the Court concluded that even if it had jurisdiction over the broader perjury argument, that argument was denied on the merits. (*Id.* at 5, 8 n.3.)

On December 30, 2022, Byers filed a Motion for Partial Reconsideration (ECF No. 564), in which he asks the Court to reconsider its holding that (1) it lacked jurisdiction over his broader perjury claim; and (2) no certificate of appealability should issue as to Count Eight or the broader perjury claim. The Government has responded in Opposition (ECF No. 565), and Byers has replied (ECF No. 566). This matter is now ripe for review.

## STANDARD OF REVIEW

The Federal Rules of Civil Procedure do not expressly recognize a motion for reconsideration. Rather, if the motion was filed within 28 days of the judgment, it is analyzed as a motion to alter, amend, or vacate a prior judgment under Rule 59(e). *See* FED. R. CIV. P. 59(e); *see also MLC Auto., LLC v. Town of S. Pines*, 532 F.3d 269, 280 (4th Cir. 2008). The Fourth Circuit has repeatedly recognized that a final judgment may be amended under Rule

8

59(e) in only three circumstances: (1) to accommodate an intervening change in controlling law; (2) to account for new evidence not available at trial; or (3) to correct a clear error of law or prevent manifest injustice. *See, e.g., Gagliano v. Reliance Standard Life Ins. Co.*, 547 F.3d 230, 241 n.8 (4th Cir. 2008). "In general, reconsideration of a judgment after its entry is an extraordinary remedy which should be used sparingly." *Pac. Ins. Co. v. Am. Nat'l Fire Ins.*, 148 F.3d 396, 403 (4th Cir. 1983).

## ANALYSIS

As an initial matter, this Court construes Byers' Motion for Reconsideration (ECF No. 564), filed within 28 days of denial of relief under 28 U.S.C. § 2255, as a motion to alter, amend, or vacate a prior judgment under Federal Rule 59(e). *See MLC Auto., LLC*, 532 F.3d at 380. Byers seeks very narrow reconsideration and requests solely that the Court: (1) vacate its prior determination that it lacks jurisdiction as to his broader perjury claim; (2) enter its alternative ruling denying this claim on the merits; and (3) expand the certificate of appealability to include both the narrower perjury claim as to Count Eight and the broader perjury claim as to all Counts. (ECF No. 564 at 1–7.) In Opposition (ECF No. 565), the Government contends that Byers fails to identify a proper basis for such relief under Federal Rule 59(e). (ECF No. 565 at 2–4.) The Court addresses Byers' arguments in turn.

I.      **Jurisdiction as to Broader Perjury Claims**

In his Motion (ECF No. 564), Byers asks the Court to reconsider its holding that under the Anti-Terrorism and Effective Death Penalty Act of 1996 ("AEDPA"), Pub. L. 104–132, 110 Stat. 1214 (1996), it lacked jurisdiction over his broader perjury claim. Byers contends that this ruling was clear error because "same reasons for permitting [him] to amend his

9

original § 2255 motion to include the narrower perjury claim justify permitting [him] to further amend his § 2255 motion to raise the broader perjury claim . . . —namely, the evidence of Jenkins' extensive misconduct as a Baltimore City Police Officer . . . which was not fully known to Mr. Byers until 2018 . . . ."  (ECF No. 564 at 2–3); (ECF No. 566 at 1–2.)  Byers asserts that granting such relief would not violate the AEDPA's statute of limitations because the broader perjury claim relates back to the narrower perjury claim this Court authorized in 2022.  (*Id.* at 3 n.1 (citing (ECF No. 534)).)  In Opposition, the Government contends that Byers has not identified appropriate grounds for reconsideration.  *See generally* (ECF No. 565).  To prevent error of law, this Court must reconsider its determination that the broader perjury claim was an unauthorized successive habeas petition over which it lacked jurisdiction.

As explained above, Byers filed his Amended Motion after this Court authorized limited relief under Federal Rule of Civil Procedure 60(b), which allows relief where a movant can show "timeliness, a meritorious defense, a lack of unfair prejudice to the opposing party, and exceptional circumstances." *Dowell v. State Farm Fire & Cas. Auto. Ins. Co.*, 993 F.2d 46, 48 (4th Cir. 1998); (ECF No. 562 at 7).  Motions under Rule 60(b) are subject to the AEDPA, which requires appellate precertification for successive habeas petitions.  28 U.S.C. § 2255(h); *see also id.* § 2244(b)(3)(A); *Felker v. Turpin*, 518 U.S. 651, 664 (1996); *Gonzales v. Crosby*, 545 U.S. 524, 532 (2005); *Bixby v. Stirling*, 90 F.4th 140, 149–50 (4th Cir. 2024).  A collateral motion is a "successive" habeas petition when it "seeks to add a new ground for relief" or "attacks the federal court's previous resolution of a claim on the merits." *Bixby*, 90 F.4th at 149–50.  The Fourth Circuit has held that, absent precertification, "the [district] court must either dismiss the motion for lack of jurisdiction or transfer it to this Court so that we could consider it under

10

our gatekeeping function." *Id.* at 155 (citation omitted).  Although this Court limited Rule 60(b) relief in this case to Counts Three, Four, and Eight, (ECF No. 562 at 7), Byers argued in his Amended Motion that the Court should expand such relief to include his broader perjury claim. (ECF No. 543 at 17–18, 20–21.)  Applying the AEDPA, this Court construed Byers' broader perjury claim as a Rule 60(b) motion, which constituted an unauthorized successive habeas petition over which it lacked jurisdiction.[7]  (ECF No. 562 at 6–8.)

Motions for reconsideration are "an extraordinary remedy which should be used sparingly." *TFWS, Inc. v. Franchot*, 572 F.3d 186, 194 (4th Cir. 2009); *see also Travis X.C. v. Saul*, Civ. No. GJH-18-1210, 2020 WL 6684636, at *3 (D. Md. Nov. 12, 2020) (discussing clear error in context of Rule 59(e) motions).  This Court has previously explained that clear error forms a basis to alter or amend a judgment under Rule 59(e) only when "the prior judgment . . . strike[s] the court as wrong with the force of a five-week-old, unrefrigerated, dead fish." *Smith v. Maryland*, Civ. No. RDB-17-3051, 2020 WL 128670, at *2 (D. Md. Jan. 10, 2020) (quoting *June v. Thomasson*, Civ. No. GLR-14-2450, 2016 WL 7374432, at *2 (D. Md. Dec. 20, 2016)).  In this case, it was error to allow the narrow perjury argument but determine that the broader perjury argument was an unauthorized successive § 2255 petition.

The Court originally granted Byers Rule 60(b) relief as to his narrower perjury claim on the basis that (1) "[a]t the time Petitioner filed his original § 2255 petition, the details of Jenkins' corruption were not publicly known," (ECF No. 534 at 7); (2) "Byers' mandatory life sentences and lack of legal representation constitute 'extraordinary circumstances,'" (ECF No. 562 at 6–

---

[7] Byers' narrow perjury claim did not constitute a successive petition because the Court authorized Byers to reopen and supplement his original § 2255 Motion with that challenge to Count Eight. (ECF No. 562 at 7.)

7); and (3) "Jenkins' rampant perjury in the Gun Trace Task Force . . . provide appropriate grounds for relief from this Court's Final Judgment," (*Id.* at 7 (citing ECF No. 534 at 6–7)). Generally, this relief fell within Rule 60(b)(2)'s authorization of relief based on newly discovered evidence that could not reasonably have been discovered previously. *See* FED. R. CIV. P. 60(b)(2). As this Court has already explained, Jenkins' misconduct was not discovered until several years after Byers' trial and conviction. (ECF No. 562 at 6–7.) For the purposes of allowing § 2255 arguments related to perjury, therefore, the only distinction between the narrow perjury challenge to Count Eight and the broader perjury challenge to all Counts are the underlying convictions at issue. Upon careful review, this distinction is not significant for the purposes of Jenkins' testimony. That is, if Rule 60(b) authorized relief as to Byers' narrow perjury challenge to Count Eight, it inherently authorized relief as to his broader perjury claim. Both perjury claims rested on the same grounds such that it was clear error to deem the broader perjury claim an "additional, substantive attack[]" constituting an unauthorized successive petition. *See* (ECF No. 562 at 7).

The Government used Jenkins' testimony both in relation to the firearm possession charge in Count Eight *and* to provide additional circumstantial evidence of Byers' motive for Lackl's murder, which undergirded the charges in Counts One, Two, Three, Four, Five, Six, and Seven. *See* (ECF No. 95). Jenkins testified that: (1) he knew Byers as an informant whom he met in person to discuss narcotics transactions approximately ten-to-fifteen times; (2) he spoke to Byers on the telephone numerous times each week; (3) he saw Byers in the area where Haynes was murdered; (4) Byers sold narcotics in the area where Jenkins frequently saw him; (5) Byers called him to report Haynes' murder and provide details, including descriptions of

12

the shooter; (6) Haynes' murder was the only time Byers informed him about a violent crime; (7) Byers met with him in person on the day of Haynes' murder to report what he had heard about the murder; (8) Byers seemed abnormally nervous during their meeting about Haynes' murder; (9) before Byers was arrested for Haynes' murder, he was evading police because he feared arrest for the murder; (10) he attempted to help arrest Byers by assuring him over the phone that detectives only wanted to speak to him; (11) Byers' grandmother called Jenkins two or three times; and, (12) he did not make a police report or take notes when Byers reported Haynes' murder because he believed that Byers was not being truthful and instead sought to use Jenkins to legitimize his claim of his innocence. (ECF No. 380 at 110–149, 153–160, 165–172.)

The substance of this testimony exceeded evidence related to Count Eight and provided further support for the Government's theory that Byers orchestrated Lackl's death. Jenkins' description of Byers' apparently abnormal behavior—his decision to report a violent crime, nervousness, and fear that he would be arrested—provided a factual basis for the jury to believe that Byers had been involved in Haynes' murder. This factual basis, in turn, supported the Government's theory that Byers coordinated Lackl's murder to prevent Lackl from testifying against him in his state trial for Haynes' murder. The prosecutor explicitly drew this logical connection for the jury in his closing, when he urged jurors to think about Jenkins' testimony when considering "why . . . Mr. Byers ha[d] to worry about Mr. Lackl[.]"[8]

---

[8] Additionally, before the case proceeded to trial, the Court denied Byers' request to sever the conduct charged in Count Eight because that conduct was relevant to his motive for Lackl's murder. (ECF No. 168 at 1–5.) This further supports that Jenkins' testimony as to Count Eight was relevant to Byers' motive to coordinate the murder of Lackl.

13

(ECF No. 391 at 43–46.)  Similarly, during rebuttal argument, the prosecutor expressly used Jenkins' testimony to undermine the credibility of the defense's witnesses and theory of the case.  (ECF No. 392 at 8–9, 20–21.)

Accordingly, the Court cannot discern any substantive reasoning that would allow consideration of the narrower perjury argument but not the broader perjury argument, and the Court's prior decision that it lacked jurisdiction was erroneous.  If extraordinary circumstances[9] compelled the Court to allow Byers to amend his original § 2255 motion to challenge Jenkins' testimony as to Count Eight, then those same circumstances require the Court to consider the broader perjury claim.  Byers' broader perjury claim did not meet the definition of a "successive" habeas petition because it did not add a new ground for relief.  *See Bixby*, 90 F.4th at 149–50 (defining successive habeas petition).  Rather, like the narrow perjury claim, it amended Byers' original § 2255 Motion on the same grounds—the Government's use of Jenkins' allegedly perjurious testimony—authorized by this Court's grant of Rule 60(b) relief.

Byers' Motion for Partial Reconsideration (ECF No. 564) is GRANTED to the extent that it requests that the Court reconsider its judgment as to the broader perjury argument.  Specifically, the Court VACATES its prior ruling that it lacked jurisdiction to consider the broader perjury argument because it constituted an unauthorized successive § 2255 motion.

---

[9] In particular, the Court recognized Jenkins' "rampant perjury" in relation to his work for the now disgraced Gun Trace Task Force, and, in recognition of the gravity of any potential perjury in Byers' case, deemed it appropriate to allow Byers to amend his original § 2255 Motion to address his perjury arguments.  (ECF No. 534 at 6–7.)

14

For the reasons explained below and in this Court's prior Memorandum Opinion, the Court now adopts its alternative holding denying the broader perjury argument on the merits.

## II. Merits of Broader Perjury Argument

The Court does not construe Byers' Motion for Reconsideration (ECF No. 564) to seek relief related to the Court's alternative determination that his perjury arguments are denied on the merits.[10] As explained in this Court's previous ruling, "[a] conviction acquired through the knowing use of perjured testimony by the prosecution violates due process." (ECF No. 562 at 15 (quoting *Boyd v. French*, 147 F.3d 319, 329 (4th Cir. 1997).) To obtain collateral relief based on claims of perjury, the movant must demonstrate "(1) that the testimony at issue was false; (2) that the prosecution knew or should have known of the falsity; and (3) that a reasonable probability exists that the false testimony may have affected the verdict." *United States v. Basham*, 789 F.3d 358, 376 (4th Cir. 2015); *see also* (ECF No. 562 at 15 (collecting cases)).

In this case, as this Court determined in the alternative in its previous Memorandum Opinion, Byers did not meet this standard. The Court emphasizes its prior conclusions that "Byers offers very little evidence to suggest that Jenkins committed perjury in this case," and "Jenkins' involvement in the Gun Trace Task Force does not automatically invalidate his testimony in a given case." (ECF No. 564 at 16 n.6); *see also United States v. Barronette*, 46 F.4th 177, 196 (4th Cir. 2022). As this Court reasoned in its prior decision, Jenkins' testimony largely

---

[10] The Government argues that Byers seeks broad reconsideration of all his arguments, including the merits of his broader perjury argument. (ECF No. 565 at 4 (discussing merits of perjury argument).) By the express language of Byers' Motion (ECF No. 564), however, he "is *not* seeking reconsideration of this Court's alternative ruling denying his broader perjury claim *on the merits*." (ECF No. 564 at 3 (emphasis in original).) Accordingly, the Court limits its analysis to the relief Byers expressly seeks in his Motion (ECF No. 564).

15

consisted of "circumstantial evidence of motive—namely, that Byers was involved in the drug trade and that he was responsible for the Haynes murder," but the prosecution presented significant additional evidence of Byers' guilt.  (ECF No. 562 at 19 (citing *Byers v. United States*, Crim No. RDB-08-56, Civ. No. RDB-12-2348, 2015 WL 5450179, at *4 (D. Md. Sept. 16, 2015).)  As this Court explained in its prior decision, "[t]his Court and the Fourth Circuit have consistently found alleged perjury harmless when substantial corroborating evidence gave the jury ample grounds to convict."  (ECF No. 562 at 16.)  In this case, this Court and the Fourth Circuit have determined that the prosecution presented significant evidence of Byers' guilt at trial.  *See Byers*, 649 F.3d at 204 (summarizing evidence); *accord Byers*, 2015 WL 5450179, at *4–*5.  Accordingly, for the reasons provided in the Court's prior Memorandum Opinion (ECF No. 562), the Court adopts its prior ruling in the alternative that Byers' broader perjury claim is DENIED on the merits.

### III.     Expansion of Certificate of Appealability

Finally, Byers asks the Court to expand the certificate of appealability ("COA") to include both perjury claims.  (ECF No. 564 at 4.)  Although the Court granted a limited COA as to Byers' claims under *Fowler v. United States*, 563 U.S. 668 (2011), it denied a COA as to his remaining claims, including his narrow perjury challenge to Count Eight.  (ECF No. 562 at 21–22.)  Additionally, because the Court concluded that it lacked jurisdiction as to the broader perjury argument, it did not consider whether a COA was appropriate as to the merits of the broader perjury argument.  (*Id.*)  In his Motion for Reconsideration, Byers contends that these perjury arguments satisfy the "low" standard to receive a COA.  (*Id.* at 7 (quoting *Frost v.*

16

*Gilbert*, 835 F.3d 883, 888 (9th Cir. 2016).) In Opposition (ECF No. 565), the Government argues that Byers has not identified a satisfactory basis for reconsideration.

Although Byers' request to expand the COA ostensibly implicates two distinct standards of review, his broader perjury claim inherently includes his narrow perjury challenge to Count Eight. The Court concluded that no COA should issue as to the narrow perjury claim, but it determined that it lacked jurisdiction over the broader perjury claim such that it did not reach the COA issue as to the merits of the broader claim. Accordingly, Byers' request to expand the COA to include the narrow perjury claim is subject to the standard of review for a motion for reconsideration, while the COA as to the broader perjury claim is subject to the ordinary COA standard. In practice, however, the broader perjury claim encompasses the narrow perjury challenge to Count Eight. For this reason, the Court addresses the broader perjury claim—including the narrow challenge to Count Eight—and applies the standard to grant a COA in the first instance.

Expansion of the COA to include the merits of the perjury claim is appropriate in this case. As this Court explained in its prior opinion, "[a] certificate of appealability may issue 'only if the applicant has made a substantial showing of the denial of a constitutional right.'" (ECF No. 562 at 21 (quoting 28 U.S.C. § 2253(c)(2)).) A petitioner makes such a showing "by demonstrating that jurists of reason could disagree with the district court's resolution of his constitutional claims or that jurists could conclude the issues presented are adequate to deserve encouragement to proceed further." *Miller-El v. Cockrell*, 537 U.S. 322, 336 (2003) (quoting *Slack v. McDaniel*, 529 U.S. 473, 484 (2000)); *accord Cox v. Weber*, 102 F.4th 663, 671 (4th Cir. 2024) (quoting *Miller-El*, 537 U.S. at 336). The Fourth Circuit has clarified that "a substantial

17

showing of the denial of a constitutional right" includes a showing "that reasonable jurists could debate whether . . . the issues presented were adequate to deserve encouragement to proceed further." *Cox*, 102 F.4th at 674.  Significantly, "a claim can be debatable even though every jurist of reason might agree, after the COA has been granted and the case has received full consideration, that petitioner will not prevail." *Miller-El*, 537 U.S. at 338.  Thus, the COA "inquiry 'is not coextensive with a merits analysis.'" *Cox*, 102 F.4th at 674 (quoting *Buck v. Davis*, 580 U.S. 100, 115 (2017)).

In this case, Byers has shown that reasonable jurists may debate whether his constitutional due process rights were violated based on his perjury argument.  Byers asserts that an evidentiary hearing is required to fully address his perjury claims, *see* (ECF No. 566 at 3), and reasonable jurists may agree based on Jenkins' widely publicized misconduct as a police officer.[11]  *See United States v. Taylor*, Civ. No. SAG-24-2015, Crim. No. SAG-17-0106, 2024 WL 4493383, at *18–*19 (D. Md. Oct. 15, 2024) (granting COA on claims including allegations of perjury by members of Gun Trace Task Force where district court relied in part on Fourth Circuit's ruling on direct appeal); *see also United States v. Paylor*, 88 F.4th 553, 563 n.2 (4th Cir. 2023) (explaining "[t]he GTTF [Gun Trace Task force] is a section of the Baltimore Police Department, now infamous for . . . corruption . . . In total, at least 13 officers were convicted on charges related to the GTTF's corruption and violence against citizens"); *Goode-Bey v. Campbell*, Civ. No. PWG-18-595, 2019 WL 2453761, at *1 (D. Md. June 12, 2019) (noting

---

[11] Certain evidence adduced at trial—including Jenkins' admission that neither he nor his partner took notes, reported to the homicide unit, or made a police report about Byers description of Haynes' murder despite speaking with Byers on the phone and meeting with him in person—may support further investigation of Byers' allegations regarding Jenkins.  Byers also emphasizes that he filed "a sworn declaration (ECF No. 544) contending that Jenkins had testified falsely."  (ECF No. 566 at 3); *see also* (ECF No. 544-1).

criminal defendant's state charges were vacated on basis that Gun Trace Task Force planted evidence on him). Similarly, the severity of the potential constitutional violation where a petitioner alleges perjury by a specific law enforcement officer convicted of federal crimes based on documented misconduct may prompt reasonable jurists to conclude that Byers' claims of perjury merit "encouragement to proceed further." *See Taylor*, 2024 WL 4493383, at *18–*19. Accordingly, Byers' Motion for Partial Reconsideration (ECF No. 564) is GRANTED, and the COA is expanded to include the perjury challenge to all Counts.

## CONCLUSION

For the reasons stated above, Byers' Motion for Partial Reconsideration (ECF No. 564) is GRANTED. Specifically, it is GRANTED as to (1) the Court's prior decision that it lacked jurisdiction over Byers' broader perjury claim; and (2) the request to expand the certificate of appealability ("COA") to include the broader perjury claim. The Court's previous jurisdictional ruling as to the broader perjury claim is VACATED. The Court now DENIES ON THE MERITS the perjury claim to all Counts and EXPANDS the COA to include the perjury claim. The Court's prior rulings, *see* (ECF Nos. 562, 563), otherwise remain unchanged.

A separate Order follows.

Date: July 7th, 2025

/s/
Richard D. Bennett
United States Senior District Judge