### IN THE UNITED STATES DISTRICT COURT
### FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | * | |
| v. | * | Criminal Action No. RDB-08-0056 |
| | | Civil Action No. RDB-12-2348 |
| PATRICK ALBERT BYERS, JR., | * | |
| *Defendant.* | * | |

\*     \*     \*     \*     \*     \*     \*     \*     \*     \*     \*     \*     \*

### <u>MEMORANDUM ORDER</u>

Defendant Patrick Albert Byers, Jr., ("Defendant" or "Mr. Byers") is presently serving four life sentences after his conviction at trial of numerous federal crimes related to the murder of a state's witness in 2009. *See generally* (ECF No. 594 at 1–5). Since his conviction and sentencing, Mr. Byers has filed numerous petitions for post-conviction relief, including in 2012 a Motion to Vacate under 28 U.S.C. § 2255 (ECF No. 412) ("Original § 2255 Motion). This Court denied Mr. Byers' Original § 2255 Motion in 2015, (ECF Nos. 464, 465). In 2016, Mr. Byers filed a Motion for Request for Discovery (ECF No. 474) ("2016 Motion"), which this Court construed as a Motion for Relief from Judgment pursuant to Federal Rule of Civil Procedure 60(b), and granted in part to allow Mr. Byers to reopen his original Motion to Vacate Sentence Pursuant to 28 U.S.C. § 2255. *See* (ECF No. 534).

Mr. Byers then filed an Amended Motion to Vacate Sentence (ECF No. 543). In 2022, this Court denied in part and dismissed for lack of jurisdiction in part Mr. Byers' Amended Motion to Vacate Pursuant to 28 U.S.C. § 2255 (ECF No. 543). Mr. Byers then filed a Motion for Partial Reconsideration (ECF No. 564) of that 2022 decision. On July 7, 2025, this Court by Memorandum Opinion and Order granted Mr. Byers' Motion for Partial Reconsideration

1

(ECF No. 564) of that 2022 decision and denied on the merits all of Mr. Byers' claims in his § 2255 motions. *See* (ECF Nos. 594, 595). Mr. Byers appealed that decision to the U.S. Court of Appeals for the Fourth Circuit.

On March 30, 2026, the Fourth Circuit vacated this Court's orders denying Mr. Byers' Motions to Vacate on the basis that Mr. Byers' 2016 Motion is more appropriately construed as an unauthorized second or successive 28 U.S.C. § 2255 motion. *See* (ECF No. 608-2 at 2). The Fourth Circuit construed Mr. Byers' appeal as an application to file a second or successive § 2255 motion, which it denied. (*Id.*) The Fourth Circuit then vacated this Court's orders related to Mr. Byers' 2016 Motion for Discovery and remanded this matter to this Court with instructions to dismiss the matter for lack of jurisdiction. (ECF Nos. 608, 610.) The Government then filed a Motion to Modify Orders (ECF No. 611), requesting that this Court modify the relevant Orders consistent with the Fourth Circuit's ruling. Accordingly, Mr. Byers' Motion for Discovery (ECF No. 474), construed as an unauthorized, second or successive § 2255 Motion is DISMISSED WITHOUT PREJUDICE for lack of jurisdiction. Relatedly, the Government's pending Motion to Modify Orders (ECF No. 611) is GRANTED IN PART to the extent it requests an order dismissing for lack of jurisdiction Mr. Byers' second or successive § 2255 Motion.[1]

---

[1] To the extent the Government requests an order from this Court vacating its prior Orders, the U.S. Court of Appeals has already vacated those Orders. Additionally, to the extent the Government requests an Order dismissing Mr. Byers' original § 2255 Motion (ECF No. 412) filed in 2012, that original Motion is not within the purview of the Fourth Circuit's opinion vacating and remanding this matter. *See* (ECF No. 608-2 (Fourth Circuit decision "remand[ing] with directions for the court to dismiss the 2016 Motion for lack of jurisdiction")).

## CONCLUSION

For the reasons stated above, and consistent with the instructions of the U.S. Court of Appeals for the Fourth Circuit, it is this 18th day of June 2026 hereby ORDERED that:

1. The Government's Motion to Modify Orders (ECF No. 611) is GRANTED IN PART;

2. Defendant's Motion for Discovery (ECF No. 474) and subsequent filings (ECF Nos. 480, 529, 543, 564), collectively construed as an unauthorized second or successive § 2255 motion, is DISMISSED for lack of jurisdiction; and,

3. The Clerk of this Court shall CLOSE Civil Case No. RDB-12-2348.

_____
Richard D. Bennett
United States Senior District Judge